## GEORGE HAGAR v. A. MEAD.

DISSMISSAL OF APPEAL.—Where an appeal has been dismissed by reason of the failure of the appellant to file the transcript of the record in the Supreme Court within the time required by the rules, the order of dismissal will not be vacated and the appeal restored unless the appellant shall make it appear, not only that there has been no want of diligence on his part, but also, shall show that, at least in the

Hagar *v.* Mead.

opinion of his counsel, the appeal has been taken in good faith, and that there are substantial errors in the record which ought to be corrected by the Supreme Court.

APPEAL from the District Court, Tenth Judicial District, Colusa County.

The plaintiff recovered judgment in the Court below, and defendant appealed.

The other facts are stated in the opinion of the Court.

*C. D. Semple*, for Appellant.


By the Court, SANDERSON, C. J.

The appeal in this case was dismissed during the first week of the term upon motion of the respondent, made pursuant to the third and fourth rules of this Court. Subsequently, and before the adjournment of the term, the appellant, upon notice to the respondent, moved to vacate the order of dismissal and to restore the appeal. Upon this motion both parties presented affidavits, from which we find the following facts: On the 26th of January, 1864, the statement on appeal as settled by the Judge was filed in the Clerk's office. The appeal was perfected by service of notice and filing undertaking on the first day of February following. Within a short time thereafter the attorney for appellant requested the Clerk to make up the transcript for this Court, but, on being asked when he wanted it, he replied, "You can make it up now, or next Fall, or some other time." The title papers, etc., of plaintiff and defendant, used in evidence on the trial, were made a part of the statement, and the transcript could not be made out by the Clerk without the original or agreed copies. Neither has ever been furnished by the appellant.

The only reason alleged by appellant for not furnishing the documents in question is that they were and still are on file in the District Courts of Yuba or Sacramento County, or in this Court, in other suits there pending. No reason is given why they could not have been withdrawn by stipulation or otherwise, or agreed copies obtained for the purpose of making out

the transcript; on the contrary, it affirmatively appears that no effort was made by appellant to obtain them in any manner, and there is no pretense that an effort to that end would have proved abortive; on the contrary, it is clear that they could have been readily obtained; for it appears that, about the middle of May last, the respondent by stipulation withdrew his title papers from said Courts, and has had them in his possession ever since, with the full knowledge of appellant's attorney and by virtue of his express stipulation; and it further appears that the respondent has been at all times ready and willing to furnish the appellant with his title papers, but has never been called upon by appellant for that purpose.

The second and third rules of this Court are to the following effect: " In all cases where an appeal has been perfected and the statement filed (if there be one) thirty days before the commencement of the next succeeding term, the transcript of the record shall be filed on or before the first day of such term."

" If the transcript of the record be not filed within the time prescribed, the appeal may be dismissed, on motion, during the first week of the term, without notice. A cause so dismissed may be restored during the same term, upon good cause shown, on notice to the opposite party; and unless so restored the dismissal shall be final and a bar to any other appeal in the same case."

The facts in this case wholly fail to show any "good cause" within the meaning and intent of the rule; on the contrary, they show a want of the most ordinary diligence on the part of the appellant in prosecuting his appeal. Moreover, on motions of this character the affidavits should show that the appeal has been taken in good faith, and that, in the opinion of counsel at least, there are substantial errors in the record which ought to be corrected by this Court. Upon these points the affidavits of the appellant are entirely silent. To hold that, under this showing, an order dismissing an appeal should be vacated and the appeal restored, would be a practical nullification of the rules of this Court, which, for purposes of

equal and exact justice and promoting a uniform and established practice, should be regarded and held to be as binding and obligatory upon litigants as any other rule of civil conduct.