[No. 700.]

## PETER LIGHTLE, APPELLANT, *v.* J. IVANCOVICH, RESPONDENT.

RULES OF THE SUPREME COURT.—Should be regarded and held to be as binding and obligatory upon litigants as any other rule of civil conduct.

MOTION TO REINSTATE APPEAL.—Upon a motion made under Rule III of this Court to reinstate an appeal which has been dismissed for failure to file the transcript within the time prescribed by Rule II, appellant must show by affidavit that he used due diligence to procure the transcript on appeal; that the appeal was taken in good faith, and that in the opinion of his counsel there are substantial errors in the record which ought to be corrected by the Supreme Court.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion.

*Robert M. Clarke,* for Appellant.

*Ellis & King,* for Respondent.

By the Court, HAWLEY, C. J.:

Appellant moves to reinstate the appeal in this case, which was dismissed on the first day of the present term upon an *ex parte* motion made by respondent under rule three of this Court.

The motion is based upon an affidavit made by appellant's counsel, stating that the appeal was taken in good faith; that several days prior to the commencement of the present term of this Court affiant requested the clerk below to prepare a transcript on appeal; that no fees were paid or tendered by affiant, and none demanded by the clerk. Affiant also states that it was his understanding of the practice, under the rules, that an appeal dismissed under rule two could be reinstated, as matter of course, upon the filing of the transcript at any time during the term.

Rule three, under which this motion is made, provides that causes so dismissed "may be restored during the same

term, upon good cause shown, on notice to the opposite party."

The certificate of the clerk, upon which the appeal was dismissed, shows that the judgment was rendered on the 19th day of September, A. D. 1874, and that the notice of appeal and undertaking on appeal were filed on the 10th day of October, 1874, and that no fees had been paid or tendered to the clerk.

We think the affidavit fails to show any good cause why the appeal should be reinstated. Nearly three months elapsed, after the appeal was perfected, before the commencement of the present term. No reasonable diligence is shown in attempting to procure the transcript on appeal, or to have it in this Court before the commencement of the present term, as required by rule two. Appellant should, at least, have informed the clerk that his fees would be ready when the transcript was made out, or have made some satisfactory arrangement with the clerk about the payment of his fees, and requested that the transcript should be made out in time to have it presented in the Supreme Court, as required by rule two. No legal excuse is presented by the affidavit either for the nonpayment of the clerk's fees or the failure to have the transcript in this Court on the first day of the present term. The fact that appellant did not have any notice of the motion to dismiss, furnishes no cause whatever why the appeal should be reinstated. The rule does not require any notice to be given; in fact, it expressly provides that such motion may be made "without notice." The fact that counsel understood it to be the practice of this Court to reinstate causes, as matter of course, upon the presentation of the transcript at the same term, might, if such a practice had previously obtained, furnish an excuse in this particular case; but no instance has been brought to our notice where such a practice prevailed. Such an interpretation would, in our judgment, amount to a practical nullification of the rules of this Court, which, as was said by the court in *Hagar* v. *Mead* (25 Cal. 600), "for purposes of equal and exact justice and promot-

ing a uniform and established practice, should be regarded and held to be as binding and obligatory upon litigants as any other rule of civil conduct."

As this is the first case where an interpretation has been given to these rules, we deem it proper briefly to state that we entertain the opinion that all applications to reinstate appeals must show that appellant has used reasonable diligence in procuring, or attempting to procure, the transcript on appeal, and if he fails to present the same in this Court within the time prescribed by rule two, his affidavit must present sufficient facts to constitute a legal excuse for the delay, and, in addition to the statement, "that the appeal has been taken in good faith," it should also show that in the opinion of appellant's counsel "there are substantial errors in the record which ought to be corrected by this Court." (*Hagar* v. *Mead, supra; Dorland* v. *McGlynn*, 45 Cal. 18.)

The motion is denied.