[No. 1853]

KATHERYN A. COLLINS, RESPONDENT, *v.* NAT C. GOOD-
WIN & CO., INCORPORATED, APPELLANT.

1. NEW TRIAL—STATEMENT—SETTLEMENT AND AUTHENTICATION.
    The civil practice act (Comp. Laws 3292), sec. 197, provides that a
    party preparing the statement on motion for new trial shall serve the
    same on the adverse party who may propose amendments thereto,
    and shall within five days after the service on him of the statement
    serve the same with the statement on the moving party, who shall
    within five days give notice to the adverse party if he declines admit-
    ting the amendments, or they shall be deemed accepted. At any time
    thereafter either party may have the statement settled by the judge
    or referee on two days' notice. When the statement is agreed to, it
    shall be accompanied by the certificate of the parties or their attorney
    that the same has been agreed on. When settled by the judge or
    referee it shall be accompanied by his certificate, etc. *Held*, that
    though, where no objection to a proposed amendment is made within
    the time specified, the amendment is deemed to have been accepted by
    the adverse party, and the statement is in effect agreed on by the par-
    ties, the same should be allowed and certified before being used on
    the motion.

2. NEW TRIAL—STATEMENT—WAIVER OF SETTLEMENT.
    Where the parties submit a motion for a new trial on the state-
    ment as agreed on, they waive the objection that the statement was
    not properly allowed and certified.

3. APPEAL AND ERROR—DELAY IN FILING TRANSCRIPT.
    Where the transcript on appeal is not filed within the time pre-
    scribed by Supreme Court Rule 3, the appeal will be dismissed.

APPEAL from the District Court of the Second Judicial Dis-
trict of the State of Nevada, Washoe County; *John S. Orr*,
Judge.

Action by Katheryn A. Collins against the Nat. C. Goodwin
and Company, Incorporated. Plaintiff had judgment, and
defendant appeals. On motion to dismiss appeal. **Motion
granted.**

The facts sufficiently appear in the opinion.

*Dodge & Barry*, for Appellant.

*Glynn & Painter*, for Respondent.

By the Court, SWEENEY, J.:

This is a motion under the provisions of rule 3 of this court
to dismiss an appeal from an order denying a motion for a new

trial.   The following facts appear from the papers on file in support of the motion: "That on July 25, 1908, judgment was entered in favor of the plaintiff for the sum of $1,625 damages. That on July 31, 1908, notice of intention to move for a new trial was duly filed and served.   That on November 21, 1908, statement on motion for a new trial was filed and served. That on December 29, 1908, proposed amendment to statement on motion for a new trial was filed and served by plaintiff. That no written notice declining to accept said proposed amendment was filed in said cause.   That on January 5, 1909, plaintiff filed and served notice of motion to settle statement on January 9, 1909.   That no order of court appears of record relating to such settlement.   That on January 16, 1909, argument on motion for a new trial was set for hearing on January 23, 1909.   That on January 23, 1909, the following order was made and entered of record in said cause: 'Defendant's motion for a new trial coming on regularly to be heard. Dodge & Barry, appearing as attorneys for the defendants, and Lorrin Andrews, Esq., appearing as attorney for the plaintiff. The motion was argued by counsel for the respective parties. Defendant offered in evidence all the files in said case, and statement on motion for a new trial.   Order admitted in evidence and considered as read. Ordered motion stand submitted.' That on April 2, 1909 (in pursuance of certain prior orders not necessary to quote), the following order was made and entered in the cause: 'Whereas it appearing to the satisfaction of the court that the plaintiff has filed herein her consent to the judgment entered herein being reduced to the sum of $625, the said consent being pursuant to an order of the court heretofore made on the 30th day of March, 1909.   It is therefore ordered that said judgment be reduced to the sum of $625 and it is further ordered that the motion of the defendant for a new trial, be and the same is hereby denied.'   That on May 3, 1909, notice of appeal from the order of April 2, 1909, denying motion for a new trial was filed and served, and on the same date an undertaking on appeal in due form was filed."

It is the contention of counsel for the appellant that the motion to dismiss ought not to prevail for the reason that the statement on motion for a new trial was never settled by

the trial court.  This contention, under the facts disclosed, we think is without merit.

Section 197 of the civil practice act, relative to statements on motion for a new trial, provides: "The party preparing the statement  *  *  *  after having filed the same with the clerk, and had such filing entered and endorsed, shall serve the same on the adverse party, on the same day, who may propose amendments thereto,  *  *  *  and shall within five days after the service on him of the statement, file his amendment with the clerk, and  *  *  *  shall on the same day, serve the same, with the statement, on the moving party, who shall, within five days thereafter, give written notice to the adverse party if he declines admitting the amendments, or they shall be deemed accepted.  At any time thereafter either party may have the statement settled by the judge or referee upon two days' notice thereof to the other party. *  *  *  When the statement is agreed to it shall be accompanied with the certificate, either of the parties themselves in fact or their attorney, that the same has been agreed upon, and is correct.  When settled by the judge or referee, it shall be accompanied with his certificate that the same has been allowed by him and is correct.  When no amendments have been filed, the statement shall be accompanied with the certificate of the clerk of that fact.  *  *  *  The several periods of time limited may be enlarged.  *  *  *"  (Comp. Laws, 3292.)

The amendment offered by the plaintiff to the defendant's statement on motion for a new trial is deemed to have been accepted by the defendant and, therefore, the statement, in effect, agreed upon by the parties.  There was then nothing more for the judge to settle than if no amendment had been proposed.  Where no amendments have been filed, the certificate of the clerk to that effect is sufficient authentication. (*Borden* v. *Bender*, 16 Nev. 49; *Tull* v. *Anderson*, 15 Nev. 426.) The statement should be certified to in some appropriate manner, and it is irregular for the court to pass upon the motion in the absence of some such certification.  But if, as a matter of fact, it appears that the statement has beeen settled or agreed upon to all intents and purposes, and counsel submit

the motion to the court upon the statement without question, as was done in this case, they will be deemed to have waived the formality of certification. There has been no contention that the ruling on the motion was inadvertently or improvidently made before the statement was certified to, and no motion to vacate the order on that ground was made. (*Crosby v. North Bonanza M. Co.*, 23 Nev. 70, 75.) As counsel cannot now be heard to question the want of certification to the statement on motion for a new trial, it follows that no valid reason appears for appellant's delay in sending the statement or transcript on appeal to this court.

The case at bar may be distinguished from the case of *Young v. Updike*, 29 Nev. 303, relied on by counsel for appellant, not only because of the fact that different statutory provisions were involved, but for the further reason that in the latter case no question of waiver was involved.

The motion to dismiss the appeal is granted.