[No. 2089]

P. BECO, AS ADMINISTRATOR OF THE ESTATE OF P. DERICH, DECEASED, RESPONDENT, v. TONOPAH EXTENSION MINING COMPANY (A CORPORATION), APPELLANT.

[141 Pac. 453]

1. NEW TRIAL — GROUNDS — MEMORANDUM OF ERRORS — TIME FOR SERVICE—EXTENSION OF TIME—VALIDITY.

   An *ex parte* order, extending, as authorized by Rev. Laws, sec. 5322, the time within which a mover for a new trial shall serve on the adverse party a memorandum of exceptions and errors, though properly granted, is without effect until notice thereof has been given the adverse party, as required by district court rule 36.

2. COURTS—RULES OF COURT—VALIDITY.

   The rules of the district court have the force and effect of statutory provisions and must be followed.

APPEAL from the Fifth Judicial District Court, Nye County; *Mark R. Averill,* Judge.

Action by P. Beco, as administrator of P. Derich, deceased, against the Tonopah Extension Mining Company. From a judgment for plaintiff, defendant appeals. **Affirmed.**

*Key Pittman* and *F. K. Pittman,* for Appellant.

*H. R. Cooke,* for Respondent.

By the Court, MCCARRAN, J.:

In this case the respondent moved in the trial court to strike the memorandum of exceptions upon the ground that the same was not filed or served upon respondent within ten days after the date of service of defendant's notice of motion for a new trial, and upon the further ground that the memorandum of exceptions and errors was not filed or served upon respondent within the additional thirty days allowed by the court in which for appellant to file and serve the exceptions and errors.

It appears from the record that on February 3, 1913, the attorney for appellant moved the trial court for thirty days additional to the time allowed by law in

which to file and serve his memorandum of exceptions. At the hearing of this motion, attorney for respondent was present in court and resisted the motion. The court, however, made an order granting additional time. From the record it appears that on February 24 an order was made by the trial court on the *ex parte* application of the attorney for appellant, by which order thirty days additional to the time already granted was allowed in which to file memorandum of exceptions. On March 31, pursuant to *ex parte* application of the attorney for appellant, an additional thirty days was granted, and again on April 30, pursuant to an *ex parte* application of the attorney for appellant, the court ordered that the appellant have twenty days additional, in addition to the time already allowed, in which to file and serve memorandum of errors. Again, on May 19, 1913, pursuant to the *ex parte* application of attorney for appellant, the court made an order that the appellant have until and including the 22d day of May, 1913, in which to file and serve memorandum of errors and exceptions. As already stated, all of the applications for additional time were made *ex parte*, and the court granted the additional time on the several applications, in the absence of the attorney for respondent, or any representative of respondent.

It is admitted by the attorney for the appellant that no notice was given to respondent's attorney, or to any representative of the respondent, as to the several orders made by the trial judge in extending the time in which to file and serve memorandum of exceptions, and the only time at which the respondent was represented by his attorney in the making of such orders was on the first occasion, namely, on February 3, 1913, at which time the record discloses that the attorney for respondent opposed the order extending the time.

The appellant in this case, in moving for a new trial, relied upon the seventh subdivision under section 378 of the civil practice act, being section 5320 of the Revised Laws, which is as follows:

"7. Error in law occurring at the trial and excepted to by the party making the application."

Section 380 of the civil practice act, being section 5322 of the Revised Laws, is as follows: "Where the motion is made upon the seventh cause mentioned in the preceding section, the party moving shall, within ten days after the service of notice of motion for a new trial, unless further time be obtained by stipulation or order of the court, serve upon the adverse party a memorandum of such errors excepted to as he intends to rely on upon the motion, and such memorandum shall contain a verified statement of his attorney that in the judgment of such attorney the exceptions so relied upon are well taken in the law. No other errors under subdivision 7 shall be considered either upon the motion for a new trial or upon appeal than those mentioned in such memorandum."

Respondent's motion to strike in this case is based upon rule 36 of the rules of the district court of the State of Nevada, which is as follows: "No order, made on *ex parte* application and in the absence of the opposing party, providing he has appeared, granting or extending the time to file any paper or do any act, shall be valid for any purpose, in case of objection, unless written notice thereof is promptly given to such opposing party. Such notice shall be given as other notices are given, or may be given by registered mail sent to the last known address of the attorney for such party, or, if he has no attorney, to such party himself. If the address of such attorney or party be not known, then the notice may be addressed to such attorney or party in care of the clerk."

This rule, in its present condition, was adopted October 25, 1911, and became effective April 1, 1912.

[1] As to whether or not the trial court had the right to extend the time in which for appellant to file his memorandum of exceptions on *ex parte* application is not before us in this case, and therefore we will not pass upon it. Suffice it to say that the court did make the order on several occasions, as appears from the record in this case, on the *ex parte* application of attorney for

appellant. The record is silent as to any grounds urged by the attorney for appellant to authorize the court in granting and entering the successive orders extending time.

The first application, on the part of appellant, was made in the presence of the attorney for respondent, and the application was on that occasion resisted by attorney for respondent. As to the succeeding orders, no notice appears to have been served upon attorney for respondent, either as to the application for the order or as to the obtaining of the order after the same had been made and entered by the trial judge.

The trial judge, in denying respondent's motion to strike the memorandum of exceptions and statement, alludes to the inability of the official reporter to prepare the transcript in the case due to pressure of business. This, however, does not appear from the record, save and except as it appears in the written decision of the trial judge and in the brief of attorney for appellant. On the hearing of the motion to strike, attorney for appellant offered no evidence whatever that would have indicated that the several orders made were made by reason of the inability of the official reporter to produce the transcript. The inability of the reporter to prepare the transcript, if a showing to that effect is properly made, or if the judge had personal knowledge of such condition, might be a sufficient ground for extending the time, but this would not excuse the party, in whose favor the time had been extended, from complying with the provision of the rule as to giving notice to the opposite party. The giving of notice is a prerequisite to the validity of the order.

Attorney for appellant, both in his statement to the trial court, as appears from the record, and in his brief on motion to strike, admits the existence of the rule and further admits noncompliance with the rule and rests his argument on the assertion that the rule is too technical to be followed. This rule, like other rules of procedure adopted under statutory sanction, has as its object the promulgation of a system for the speedy and orderly procedure of litigated matters to the end that

controversies brought into courts may be terminated with reasonable diligence and expedition. This rule is not of the character, nor is it of the peculiarity that would require it to be suspended or waived in a case of this kind in order to promote justice.

Assuming for the time being that the trial judge had acted properly in granting the extensions of time on *ex parte* application and without any reason or cause being made of record, the rule operates imperatively that the opposite party to the litigation should have notice of the making and entering of such an order before the order itself became valid for any purpose. In other words, the orders, as made by the trial judge upon the *ex parte* application of attorney for appellant extending the time fixed by statute in excess of that contemplated by the first order, had no force or effect and were invalid unless the rule of the court was complied with to the extent of giving notice to the opposite party.

[2] The rules of the district court have received the sanction and enforcement of this court on several occasions, and that the rules have the same force and effect as if they were incorporated in the statutory provisions was asserted by this court in the case of *Haley* v. *Eureka County Bank, et al.*, in which case Chief Justice Hawley, speaking for the court, quoted approvingly from decisions rendered by the Circuit Court of the United States (*Seymour* v. *Phillips*, 7 Biss. 462, Fed. Cas. No. 12,689), and by the Supreme Court of the United States (*McDonald* v. *Smalley*, 1 Pet. 624, 7 L. Ed. 287), to the effect that the rules established by the court, in pursuance of law, become to all intents and purposes of the same force and effect as the law itself and ought to be observed. (*Haley* v. *Eureka Bank*, 20 Nev. 410, 22 Pac. 1098.)

As early as 10th Nev., this court, in the case of *Lightle* v. *Ivancovich*, speaking through Chief Justice Hawley, quoted approvingly from the case of *Hagar* v. *Mead*, 25 Cal. 600, to the effect that rules of the court, established, as they are, for the purpose of equal and exact justice and promoting a uniform and established practice, should

be regarded and held to be as binding and obligatory upon litigants as any other rule of civil conduct. (*Lightle v. Ivancovich,* 10 Nev. 41.)

In the case of *Adams* v. *Rogers,* 31 Nev. 150, 101 Pac. 317, Mr. Chief Justice Talbot, in the dissenting opinion, reviewed the entire field of decisions by this court, applicable to the rules of court, and said: "The court ought to observe its own rules, and it should not hesitate to correct any erroneous orders made in contravention of them."

The order by the trial court extending time upon the application of attorney for appellant was ineffectual, inasmuch as it was invalid until notice had been properly served upon the absent adverse party. It requires notice properly served to give the court order any force or effect whatever. It being admitted in this case that no notice was served upon the attorney for respondent as to any of the orders made by the trial court extending time on the *ex parte* motions of, appellant, it follows that the orders as made by the trial court were invalid, and, being invalid, no time was extended by reason of them, save and except the time extended by the court in its first order, at which time attorney for respondent was present, resisting.

The memorandum of errors and statement, not having been filed within the time allowed by law, or within the time allowed by the court in its first order extending time, had no place in the record, and the motion to strike should have been granted. The motion to strike as made by respondent is hereby granted.

There being no errors assigned as to the judgment roll, the order of the trial court, denying appellant's motion for a new trial, and the judgment as entered by the trial court, are affirmed.

Let the order be entered accordingly.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.