## Ex Rel. WILLIAMS v. DISTRICT COURT

No. 2690

March 13, 1925. 233 Pac. 843.

1. JUSTICES OF THE PEACE—APPEAL DISMISSED, IF PAPERS ARE NOT FILED IN DISTRICT COURT IN TIME PROVIDED BY RULE.

Under rule of district court requiring appeal from justice to be dismissed, if papers on appeal are not filed in 15 days from time appeal was perfected, the court had no discretion to refuse dismissal, though the papers be filed before motion to dismiss.

2. COURTS—COURT RULE SAME FORCE AND EFFECT AS STATUTE.

A mandatory rule of court, not unreasonable or in conflict with statute, has the same force and effect as a statute.

3. PROHIBITION — REFUSAL TO DISMISS APPEAL AS REQUIRED BY COURT RULE NOT MERE ERROR.

Refusal of district court in violation of its positive rule, to dismiss appeal from justice because papers on appeal were not filed in required time, is not a mere error, so prohibition will lie to prevent it from proceeding with retrial.

See (1) 35 C. J. sec. 500, p. 798, n. 59; (2) 15 C. J. sec. 288, p. 909, n. 7; (3) 32 Cyc. p. 607, n. 51.

ORIGINAL PROCEEDING in prohibition by the State, on the relation of E. L. Williams and wife, against the Second Judicial District Court in and for Washoe County and George A. Bartlett, Judge. **Peremptory writ ordered. Rehearing denied.**

*E. L. Williams,* for Petitioners:

Rules of court were intended to be supplemental to provisions of statutes governing proceedings and to have same force as if incorporated in statute. Haley v. Bank, 20 Nev. 410; Lightle v. Ivancovich, 10 Nev. 41.

Prohibition will lie where superior court takes jurisdiction of cause on appeal from justice court when party appealing does not perfect appeal as required by statute. Lane v. Superior Court, 91 Pac. 404.

There must be substantial compliance with statutory regulations regarding appeals. Adams v. Decker, 114 Pac. 654; Ex Rel. Rosenstein v. District Court, 108 Pac. 580.

Statement in undertaking on appeal that judgment was entered in favor of defendants and against plaintiffs is admission that plaintiff's attorney had notice of

entry of judgment. Notice may not only be waived, but party entitled to it may do that which will estop him from denying that he has been notified. Spelling, New Trial and Appeal, sec. 363; Tooele Co. v. Morse, 136 Pac. 965.

Taking appeal is distinct act of waiver of notice of decision and notice of intention to move for new trial served more than ten days after such waiver is too late. Coveny v. Hale, 49 Cal. 552; Thorn v. Finn, 10 Pac. 414.

Knowledge is equivalent to notice. Jones v. Vanzandt, 13 Fed. App. 1040, No. 7501.

*John D. Hoyt,* for Respondents:

In application for prohibition, fact that no remedy exists by appeal is not sufficient reason for granting relief sought. Writ is not granted while there is some other plain, speedy and adequate remedy at law. Such right often exists in right of appeal, and furnishes sufficient reason for denying application. If there is no right of appeal this remedy must be excluded from consideration and cannot constitute ground for denial of writ. Its absence, however, does not warrant issuing of writ unless sufficient cause exists therefor in that court is acting or will act without or in excess of jurisdiction. If it is acting or is about to act within jurisdiction, absence of right of appeal cannot justify issuing of writ. People v. De France, 68 Pac. 267.

Rev. Laws, 5778, as amended Stats. 1913, 365, shows legislature intended to draw distinction between notice of decision and notice of entry of judgment. 15 R. C. L. 578; Kubin v. Miller, 61 N. Y. S. 1121.

Rule 27 was not claimed to have been violated in terms. Appeal was in good standing when motion to dismiss on this ground was made. However, if there were violation of this rule, court had jurisdiction to deny, as well as to grant, motion; matter was not jurisdictional, and would be mere error in any event. Cohen v. Cohen, 147 Pac. 479.

Justice transmitted papers twelve days after undertaking was filed, leaving only three days in which

appellants could act, within limit contended for by
petitioners. It is not shown appellants received notice
of transmission, but assuming such notice was given
it can hardly be claimed it was their duty to hurry to
court and file transcript. Appeals should be dismissed
on only clearest showing that rules were violated and
rights lost.

## OPINION

By the Court, DUCKER, J.:

This is an application for a writ of prohibition. On
the petition therefor an alternative writ was issued out
of this court restraining respondents from proceeding
with the trial of a case in which an appeal had been
taken from the justice's court to said district court.

Petitioners contend that the said district court is
without jurisdiction to try the said case. Petitioners
made two motions to dismiss the appeal which were
denied by the court. The motions were made on several
grounds; one of them being that no transcript on appeal
was filed in the district court within the time required
by rule 37 of the district court rules.

It appears that judgment was rendered in the justice's
court in favor of petitioners on October 7, 1924, that
an appeal was taken therefrom and an undertaking on
appeal filed in said justice's court on November 7, 1924.
It appears from the certificate of the clerk of the district
court that the transcript on appeal was received by him
on the 19th day of November, 1924, that the same was
filed in said district court and the fee paid on the morn-
ing of the 24th day of November, 1924, and no fee was
offered prior to said 24th, and no request made to file
the same.

These facts were before the court on the hearing of
the motion to dismiss, and the following certificate was
also presented and read as evidence, to wit:
"State of Nevada, County of Washoe—ss.:

"I, Charles E. Bull, justice of the peace of Reno Town-
ship in and for the county of Washoe, State of Nevada,

do hereby certify that I received the fee for preparing transcript on appeal from the justice's court of Reno Township in and for the county of Washoe, State of Nevada, in case No. 125, in which J. E. Witcher and Alta Witcher, plaintiffs, v. E. L. Williams and Harriet E. Williams, defendants, on the 17th day of November, A. D. 1924, and on the 19th day of November, A. D. 1924, transmitted the same to the clerk of the district court of the Second judicial district of the State of Nevada, in and for the county of Washoe, and did not request the said clerk to file the same, and did not offer to said clerk any fees to file the said transcript, and that I had not been given any filing fees by any one whomsoever to file the same, or been requested by said plaintiffs or either of them, or by their attorney, John D. Hoyt, or by any one to file the said transcript on appeal in said action. The notice of appeal and undertaking thereon were filed in the said justice's court on November 7th, 1924.

"In witness whereof, I have hereunto set my hand this 4th day of December, A. D. 1924. Chas. E. Bull, Justice of the Peace of Reno Township, in and for Washoe County, State of Nevada."

These facts were not disputed on the hearing of the motion, and, by virtue of rule 37 of the district court rules, the appeal should have been dismissed. The rule is as follows:

"When an appeal from the justice's court to this court has been perfected, and the papers are not filed in this court within fifteen days from the day of filing the undertaking on appeal, this court, on the production of a certificate from the justice to the effect that an appeal has been taken and perfected, but the papers have not been ordered up, or the proper costs not paid, or upon showing that any other necessary steps have not been taken, shall dismiss the appeal at the cost of the appellant."

1, 2. The showing was complete, and in accordance with the requirements of the rule that more than 15 days had expired from the time the appeal was perfected before the papers on appeal were filed in the district court and the mandatory nature of the rule left

the district court no alternative but to dismiss the appeal. The transcript on appeal, as before stated, was filed on the 24th day of November, which was 17 days after the appeal was perfected, and the motion to dismiss was filed on December 2d. From this counsel for respondents argue that the appeal was in good standing when the motion was made, and that therefore the action of the court in refusing to dismiss was proper. This would imply that the court had discretion to enforce the rule or not as the circumstances of a particular case might warrant. No discretion appears to be given to the district court. That the rule is mandatory, is, we think, obvious from its language and purpose. Its purpose is to prevent delays in prosecution of appeals. It is not unreasonable nor in conflict with any statute. Consequently under the decisions of this court it must be accorded the same force and effect as a statute. Lightle v. Ivancovich, 10 Nev. 41; Haley v. Eureka County Bank, 20 Nev. 410, 22 P. 1098; Beco v. Tonopah Ext. M. Co., 37 Nev. 199, 141 P. 453.

The case of Busby v. Camp, 16 Colo. 38, 26 P. 326, is exactly in point, except that the right to have the appeal dismissed was given by the statute. The statute is substantially the same as the rule under consideration. The motion to dismiss was made after the cause had been docketed in the county court, as in the instant case. The supreme court said:

"The statute is, so far as language can make it, peremptory, and no discretion appears to be reserved to the court. We cannot agree with the trial judge that the fact that appellant had paid the fee and docketed the cause before appellee interposed his motion is alone decisive against dismissal; to so hold would, in large measure, be to disregard or abrogate the express statutory command. * * * Had appellee voluntarily entered a full appearance after the cause was docketed, and taken or submitted to some order of court looking to a trial de novo, before interposing his motion, we might treat his action as a waiver of the right to have the appeal dismissed. * * * The statute was doubtless framed to prevent delay in retrying cases on appeal

from justices of the peace. The time fixed within which the fee is to be paid and the appeal is to be docketed is not unreasonable, and the general purpose of the provision is wise. It may produce hardship in individual cases, and perhaps the interests of justice would be better subserved by a less rigid rule in the premises. But this is a matter for legislative action. The statutory rule is not invalid, and the courts cannot mitigate its alleged severity."

3. Counsel for respondents say that, even assuming there has been a violation of the provisions of the rule, the court had jurisdiction to deny as well as to grant the motion, and that, as the matter is not jurisdictional, to refuse to grant the motion is mere error in any event, and cannot be corrected by prohibition. They cite Cohen v. Connick, 26 Cal. App. 491, 147 P. 479, on this proposition, in which it was held that a refusal of the court to dismiss an appeal taken from the justice court because of the long delay of appellant in bringing it to a hearing could not be considered on prohibition; the motion being addressed to the discretion of the court. The case is not in point. The violation of no statute or positive rule of court was involved, and the question as to whether there had been an unreasonable delay in the prosecution of the appeal was clearly addressed to the discretion of the court. Here the rule requiring the appeal to be diligently prosecuted by filing the papers from the justice court within a given time is positive, and under the uncontradicted facts of this case left the court with no jurisdiction, except to dismiss the appeal.

As the court was without jurisdiction on the ground discussed to retry the case on its merits, the other assignments made by petitioners need not be considered.

A peremptory writ of prohibition is ordered.

### ON PETITION FOR REHEARING
September 12, 1925.

*Per Curiam:*

Rehearing denied.