## SULLIVAN *v.* NEVADA INDUSTRIAL COMMISSION

No. 2988

September 23, 1932.                    11 P. (2d) 262.

*George L. Sanford,* for Respondent:

*William S. Boyle,* for Appellant:

## OPINION

By the Court, SANDERS, J.:

The Nevada industrial commission awarded Thomas Sullivan $972 as full compensation for an accidental injury to his left foot sustained on July 15, 1926, while in the employ of the Comstock Pumping Association as blacksmith. Being dissatisfied with the amount, Sullivan on, to wit, April 24, 1929, filed a complaint in the court below against the commission, claiming that under the facts he was justly and legally entitled to receive from the commission as compensation for his injury the sum of $2,972, and demanded judgment for that amount. The commission demurred to the complaint upon several grounds. The trial court, Hon. G. A. Ballard, judge presiding, without passing upon any of the grounds of demurrer, of his own motion held that under the "Nevada Industrial Insurance Act," where the commission acts, an injured employee cannot initiate or maintain an action at law against the commission to recover compensation for his injury. Wherefore it was adjudged and ordered that plaintiff's action be dismissed.

The decision was rendered on October 24, 1929, and filed on October 26, 1929.

On April 24, 1930, Thomas Sullivan perfected his appeal to this court from the decision.

On June 11, 1932, the transcript of the record on appeal, labeled "Judgment Roll," was filed with the clerk of this court.

On June 17, 1932, the respondent filed with the clerk of this court its notice of motion and motion to dismiss the appeal upon two grounds: (1) That the appellant failed to file the transcript of the record on appeal within thirty days after the appeal was perfected, as required by supreme court rule II; (2) that appellant

failed to exercise or show proper diligence in prosecuting his appeal.

■ Important as the decision appealed may be to all persons coming within the provisions of the Nevada industrial insurance act, the motion to dismiss must be determined without reference to the merits of the appeal or questions involving its merits. 4 C. J. 602. In fact, our statute provides that, upon the filing of any motion to dismiss an appeal, the hearing of the case on its merits shall be stayed until the determination of the motion. N. C. L. sec. 9401.

■■ The motion to dismiss came on for hearing upon four affidavits: One, that of Homer Mooney in support of the motion; two affidavits of Thomas Sullivan in opposition to the motion; the affidavit of D. J. Sullivan as chairman of the Nevada industrial commission, labeled "Affidavit in Rebuttal."

Supreme court rule II provides as follows: "The transcript of the record on appeal shall be filed within thirty days after the appeal has been perfected, and the bill of exceptions, if there be one, has been settled."

Without quoting at length from the affidavits, we may say that it is admitted that the record of the transcript on appeal was filed in this court on June 11, 1932, two years after the appeal was perfected, viz, April 24, 1930. If appellant's affidavits fail to present sufficient facts to constitute a legal excuse for the long delay in filing the transcript of the record on appeal, respondent's right under rule II to have the appeal dismissed becomes fixed. The excuses presented in appellant's affidavits are stated narratively, thus leaving it to the court to draw its own conclusions as to whether the motion to dismiss should prevail or be denied. The first excuse presented is that appellant intrusted the proceedings on appeal to his attorneys, and that the failure to file the transcript within time is attributable to their negligence. In the absence of any facts to show that such negligence was excusable neglect, the appellant cannot escape the consequences of his failure to file the transcript by saying that the neglect was that of his attorneys. 4 C. J. 461.

■ The second excuse presented is that the delay should be attributed to the representatives of organized labor in Nevada, who, upon the rendition of Judge Ballard's decision, requested appellant to permit its attorney to handle the case on appeal; that appellant was led to believe, and did believe, that the attorney appointed by organized labor, one Arthur Jacobs, would perfect and press the appeal, as required by law and rule of court. It appears that the appeal was not perfected until six months, lacking a few days, after the time for appeal began to run. Appellant states that Arthur Jacobs kept the papers for a long time; that Jacobs suddenly disappeared from the State of Nevada, and was subsequently disbarred from practicing law in the courts of this state; that appellant appealed to attorneys who succeeded Arthur Jacobs for information as to why the appeal had not been pressed; that he was advised that the supreme court had lost jurisdiction over the appeal, when in fact and in law the court had not lost jurisdiction. Appellant avers in his affidavit that he had no knowledge that the transcript of the record was not filed in this court until he had employed his present attorney of record to investigate the proceedings on appeal. The record shows that the notice of appeal was signed on April 24, 1930, by Arthur Jacobs, and L. B. Fowler, who was appellant's original attorney. There is nothing in the affidavits of appellant to show that Arthur Jacobs was not in good standing as an attorney in this court when the appeal was perfected or during the time within which the transcript of the record on appeal should have been filed in this court. This being true, the failure to file the transcript should no more be attributed to the negligence of Arthur Jacobs than to the neglect of appellant's own attorney, L. B. Fowler.

■ The third excuse presented is that upon the rendition of the decision of Judge Ballard the Nevada Industrial Commission promised appellant that it would press the appeal and pay the costs on appeal, and, having relied upon this promise, the respondent cannot be successful

in this motion to dismiss. Appellant states that D. J. Sullivan, as chairman of the commission, denied that the commission, its attorney or agents, ever made any such promise, but, not content with the denial, appellant, to affirm his statement that he was led to believe and did believe that the commission would prosecute the appeal, and that it should be held responsible for the delay, quotes in one of his affidavits excerpts of news items and an editorial appearing in the Nevada State Journal, to show the interest being taken by the Nevada industrial commission in having the decision of Judge Ballard reviewed on appeal. We are not advised on what principle this court could determine this motion to dismiss for failure to comply with a court rule from publications appearing in a newspaper. Conceding that respondent was interested in having the decision of Judge Ballard reviewed, there is nothing to show that the delay in filing the transcript was in anyway attributable to the commission or its chairman, D. J. Sullivan.

The remaining excuses presented for the delay are argumentative. It is argued that no inconvenience or injury would result from the denial of the motion to dismiss. A delay of two years in the transmission of the record on appeal is flagrantly unreasonable. It cannot be affirmed that the respondent was not prejudiced by the delay.

■■ It is argued that rule II is not jurisdictional, and may be suspended in a particular case if the ends of justice require it. It is argued with much earnestness that, under the facts and circumstances as disclosed by appellant's affidavits, this court, in fairness to appellant and in furtherance of justice, should deny the motion to dismiss. Supreme court rule II, like other court rules, is not of the character, nor is it of the peculiarity, that would require it to be suspended or waived in order to promote justice. Beco v. Tonopah Extension Min. Co., 37 Nev. 199, 141 P. 453. This court, in numerous cases, has had occasion to hold that a mandatory rule of court not unreasonable or in conflict with statute, has the same force and effect as a statute and

is binding; that its observance is obligatory on the court and should be regarded as binding and obligatory upon litigants as any other rule of civil conduct. American Sodium Co. v. Shelley, 51 Nev. 26, 267 P. 497; State v. Second Judicial Dist. Court, 48 Nev. 459, 233 P. 843; Beco v. Tonopah Extension Min. Co., supra; Lightle v. Ivancovich, 10 Nev. 41. To relax the rule out of favor to too credulous and misguided litigants would amount to the nullification of the rule. No legal excuse is presented for the failure to have the transcript presented in this court within the time required by supreme court rule II. Therefore the motion to dismiss must prevail.

Appeal dismissed.