# MARY LOUISE ROBERTS, APPELLANT, v. DAVID G. ROBERTS, RESPONDENT.

No. 3440

November 22, 1946.                    174 P. 2d 611.

*Mary Louise Roberts,* in Pro per.

*Luke J. McNamee,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

This matter is before the court on the motion of respondent to dismiss the appeal in the above-entitled matter. The principal ground of the motion is that no transcript of the record on appeal has ever been filed with the clerk of this court as prescribed by rule II of the rules of the supreme court.

Briefly stated the facts are as follows:

"On the 30th day of September, 1943, the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, Case No. 17847, made and entered a final judgment of divorce in favor of Respondent herein and against Appellant, on the ground of extreme cruelty. Written notice of decision of said case was duly served upon the attorney for the Appellant cn October 1st, 1943.

"A motion for a new trial was subsequently made by the Defendant, Appellant herein, and on October 22nd, 1943, the lower court denied said motion for a new trial.

"On December 15th. 1943, the defendant, Appellant herein, filed with the Clerk of the Eighth Judicial District court of the State of Nevada, in and for the County of Clark, a Notice of Appeal to the above-entitled court from the final judgment and the whole thereof and each and every part thereof made and entered on the 30th day of September, 1943, and also from the order of the lower court denying the defendant's, Appellant herein, motion for a new trial made and entered by the lower court on October 22nd. 1943.

"The Notice of Appeal was signed by the defendant, Appellant herein, in Propria Persona.

"An Undertaking on Appeal was duly served and filed with the Clerk of the Lower Court.

"No further proceedings were taken by the defendant, Appellant herein, in connection with the perfection of said appeal.

"Under the law, where Notice of Appeal is given and the proper undertaking on appeal is filed with the Clerk of the lower court to the Supreme Court, the lower court is divested of any further jurisdiction in the case and jurisdiction of said case is taken over by the Supreme Court.

"Therefore, for the purpose of making the motion to dismiss the appeal in the Supreme Court, the Respondent herein caused a certified copy of the Judgment Roll,

the original Notice of Appeal and the Undertaking on Appeal to be filed in the above-entitled court, together with a certificate by the Clerk of the lower court setting forth no request for transcript was ever made by the Appellant in the lower court and that the only papers in connection with the appeal were the Notice of Appeal and the Undertaking on Appeal."

Notice of motion to dismiss the above appeal, with affidavit in support thereof, was duly served upon the appellant.

Rules II and III of the supreme court of the State of Nevada provide as follows:

"Rule II. The transcript of the record on appeal shall be filed within thirty days after the appeal has been perfected, and the bill of exceptions, if there be one, has been settled.

"Rule III. If the transcript of the record be not filed within the time prescribed by Rule II, the appeal, after five days' notice in writing to the appellant, specifically stating the grounds thereof, may be dismissed on motion of the respondent.

"Copies of all documentary evidence and affidavits to be relied upon on the hearing of said motion, other than the transcript of the record, shall be served with said notice. If witnesses are to be called upon said hearing, their names must be stated in said notice, as well as the substance of what they are expected to testify to."

■ No request to the clerk of the lower court to prepare a transcript was ever filed and no proceeding for a bill of exceptions or transcript was ever instituted by appellant herein, as set forth in the clerk's certificate on motion to dismiss appeal on file herein.

Counsel for respondent filed his points and authorities, and the motion was set for hearing. At said hearing counsel for respondent appeared. No appearance was made for appellant.

Counsel for respondent urged that the case stand submitted on his motion and memorandum of points and authorities; and, no good cause appearing why such

should not be the order, an order was entered accordingly.

We are of the opinion that the motion is well taken. Neither of the requirements mentioned was complied with by appellant. To relax the rules would amount to their nullification.

■ No excuse is presented for the failure to have the transcript presented in this court within the time required by supreme court rules II and III. We do not deem it necessary to enter upon a discussion of the case. This court, in numerous cases, has had occasion to hold that a mandatory rule of court not unreasonable nor in conflict with statute, has the same force and effect as a statute and is binding; that its observance is obligatory on the court and should be binding and obligatory upon litigants as any other rule of civil conduct. Lightle v. Ivancovich, 10 Nev. 41; Young v. Updike, 29 Nev. 303, 89 P. 457; Collins v. Nat C. Goodwin & Co., 32 Nev. 342, 108 P. 4; Beco v. Tonopah Ext. Min. Co., 37 Nev. 199, 141 P. 453; Ward v. Pittsburgh Silver Peak Gold Min. Co., 39 Nev. 80, 148 P. 345, 153 P. 434, 154 P. 74; State v. Second Judicial District Court, 48 Nev. 459, 233 P. 843; American Sodium Co. v. Shelley et al., 51 Nev. 26, 267 P. 497; Sullivan v. Nevada Industrial Comm., 54 Nev. 301, 14 P. 2d 262; Baer v. Lilenfeld, 55 Nev. 194, 28 P. 2d 1038. Therefore the motion to dismiss must prevail.

Appeal dismissed.