THE STATE OF NEVADA, APPELLANT, *v.* DANIEL RAY CONNERY, RESPONDENT.

No. 14280

April 29, 1983 661 P.2d 1298

*Brian McKay,* Attorney General, Carson City; and *Robert J. Miller,* District Attorney, Clark County, for Appellant.

*Peter L. Flangas,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The state has appealed from an order of the district court dismissing an information charging respondent with one count of robbery with use of a deadly weapon. Respondent has moved to dismiss the appeal on several procedural grounds. We find respondent's contentions to be without merit, and deny the motion to dismiss.

Respondent first contends that the state's notice of appeal was not timely filed, and that accordingly we lack jurisdiction to entertain the appeal. Morrell v. Edwards, 98 Nev. 91, 640 P.2d 1322 (1982); *see also* Hill v. Warden, 96 Nev. 38, 604 P.2d

807 (1980). The court below orally granted the motion to dismiss the information on June 14, 1982. The written order granting the motion was entered on July 16, 1982,[1] and the state filed its notice of appeal on July 19, 1982.

Respondent's contention that the notice is untimely is based on NRS 177.066, which requires that in all criminal cases other than those involving a death sentence, "an appeal to the supreme court from a judgment or order must be taken *within 30 days after its rendition.*" (Emphasis added.) Since "rendition" is the oral pronouncement of a judgment or order, *see* Lind v. Raynor, 69 Nev. 164, 243 P.2d 783 (1952); *see also* Scherer v. State, 89 Nev. 372, 513 P.2d 1232 (1973), respondent contends that the state had to file its notice of appeal within 30 days of the date the district court orally granted the motion to dismiss, and not within 30 days of the date of entry of the written order, as provided by NRAP 4(b).

In this case, the state's notice was filed well within the 30-day period for a timely notice as defined by NRAP 4(b), but beyond the 30-day period as defined by NRS 177.066. Respondent notes that the rule and the statute are in conflict with respect to the time for the timely filing of a notice of appeal, but argues that the statute should control over the rule primarily because the oral pronouncement of judgment is a judicial act, and the entry of judgment is merely a ministerial one, performed by the clerk.

 █

Initially, we note that in a criminal case a judgment or order is entered when it is *both* signed by the judge and filed with the clerk. NRAP 4(b). Accordingly, entry is more than a mere ministerial act by the clerk. This is not dispositive of the issue raised by respondent, however, since the statute and the rule measure the time for filing of a notice of appeal from the commission of two different judicial acts: rendition and entry of judgment. In many criminal actions, as in the instant one, rendition of judgment or order may precede entry of the written

---

[1]There were actually two written orders entered granting the motion to dismiss. The first, entered June 21, 1982, was prepared by respondent as prevailing party, but never served on the office of the district attorney. The second, entered July 16, 1982, the order appealed from, was prepared by the state and submitted to the court because the state was under the impression, due to the failure of respondent to serve the first order, that no order had been entered. Because of the substantial confusion created by the existence of two written orders granting relief, created at least in part by respondent, we consider respondent's argument that the state has appealed from a "null order" to be without merit. Sheriff v. Blasko, 98 Nev. 327, 647 P.2d 371 (1982); *see* Ross v. Giacomo, 97 Nev. 550, 635 P.2d 298 (1981).

judgment or order by several days. Consequently, if the time for filing a notice of appeal is to be measured in accordance with the statute, many notices of appeal filed within the time limits set forth by NRAP 4(b) will not be timely. Thus, we must determine whether the rule or the statute is to control.

The judiciary has the inherent power to govern its own procedures, and this power includes the right to promulgate rules of appellate procedure as provided by law. NRS 2.120; *see* Goldberg v. District Court, 93 Nev. 614, 572 P.2d 521 (1977). Although such rules may not conflict with the state constitution or "abridge, enlarge or modify any substantive right," NRS 2.120, the authority of the judiciary to promulgate procedural rules is independent of legislative power, and may not be diminished or compromised by the legislature. Goldberg v. District Court, *supra*. We have held that the legislature may not enact a procedural statute that conflicts with a pre-existing procedural rule, without violating the doctrine of separation of powers, and that such a statute is of no effect. Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969). Furthermore, where, as here, a rule of procedure is promulgated in conflict with a pre-existing procedural statute, the rule supersedes the statute and controls. *See* State v. Griffith, 539 P.2d 604 (Idaho 1975); State v. Doe, 566 P.2d 117 (N.M. Ct.App. 1977). *See also* Page v. Clark, 592 P.2d 792 (Colo. 1979).[2]

As a result, NRAP 4(b) may supersede NRS 177.066 and may govern the period of time during which a timely notice of appeal must be filed, so long as the rule does not conflict with the state constitution or alter a substantive right. Clearly, the rule does not conflict with the constitution, and although the right to appeal is a substantive one, the manner in which an appeal is taken is a matter of procedure. State v. Birmingham, 392 P.2d 775 (Ariz. 1964) (opinion on reh'g); State v. Arnold, 183 P.2d 845 (N.M. 1947); State v. Doe, *supra*. A procedural rule may alter the time during which an appeal may be taken and supersede a statute to the contrary. State v. Arnold, *supra*.

---

[2]Several earlier Nevada cases contain language to the effect that a rule of court may *never* conflict with a statute. *See* Graff v. Shipman Bros., 67 Nev. 610, 222 P.2d 497 (1950); Roberts v. Roberts, 63 Nev. 459, 174 P.2d 611 (1946); American Sodium Co. v. Shelley, Et Al., 51 Nev. 26, 267 P. 497 (1928); Ex Rel. Williams v. District Court, 48 Nev. 459, 233 P. 843 (1925); Twaddle v. Winters, 29 Nev. 88, 89 P. 289 (1906); Haley v. Eureka Co. Bank, 20 Nev. 410, 22 P. 1098 (1889). That language, in all of these cases, is dicta. In *Lindauer,* we noted this with respect to the language in *Twaddle* and *Haley.* 85 Nev. at 436, 456 P.2d at 854-55.

Accordingly, we hold that NRAP 4(b) supersedes NRS 177.066 and that notices of appeal in criminal cases are timely if filed in accordance with the provisions of the rule. We thus conclude that the state's notice of appeal in this case, filed within 30 days of entry of the order dismissing the information, was timely filed.

Respondent also argues that the state's notice of appeal is fatally defective because if fails to set forth all the information required by NRS 177.075(3). The state responds that its notice is in compliance with NRAP 3(c), which requires less information than the statute.[3] While expressing no opinion as to whether a notice of appeal that is defective in content may result in a dismissal of the appeal, we are of the opinion that the foregoing discussion resolves the conflict between NRS 177.075(3) and NRAP 3(c). We consequently hold that NRAP 3(c) supersedes the statute and governs the required content of a notice of appeal in a criminal case.

Respondent's contentions being without merit, the motion to dismiss the appeal is denied.[4]

---

[3]NRS 177.075(3) requires that a notice of appeal contain the title of the case; the name and address of the appellant and his or her attorney; a "general statement of the offense"; a concise statement of the judgment or order appealed from, including its "date and any sentence imposed"; the place of confinement if the defendant is in custody, and a statement that the appellant appeals from the judgment or order. In contrast, NRAP 3(c) provides only that a notice of appeal shall specify the party or parties taking the appeal, designate the judgment or order appealed from, and name the court to which the appeal is taken. See NRAP, Appendix of Forms, Form 1 (sample notice of appeal).

[4]CHIEF JUSTICE NOEL E. MANOUKIAN and JUSTICE JOHN MOWBRAY voluntarily disqualified themselves from consideration of this case.