IN THE SUPREME COURT OF THE STATE OF NEVADA

YEONHEE LEE,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAVID M. JONES, DISTRICT JUDGE,
Respondents,
  and
ALBERTO EDUARDO CARIO,
Real Party in Interest.

No. 82831

FILED

JAN 2 7 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order adopting a discovery commissioner's recommendation that the medical examination of real party in interest's physical condition proceed under NRS 52.380.

Petitioner, Yeonhee Lee, alleges the district court manifestly abused its discretion by adopting a discovery commissioner's recommendation that NRS 52.380 supersedes NRCP 35. We elect to entertain this petition because "judicial economy and sound judicial administration militate in favor of writ review." *Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009).

In *Lyft, Inc. v. Eighth Judicial District Court*, we held NRS 52.380 unconstitutional because it violated the separation of powers

22-02692

doctrine. 137 Nev., Adv. Op. 86, __ P.3d __ (2021). Specifically, NRS 52.380 violated separation of powers because it is a procedural statute that conflicts with NRCP 35—a preexisting court rule. *See State v. Connery*, 99 Nev. 342, 345, 661 P.2d 1298, 1300 (1983) ("[T]he [L]egislature may not enact a procedural statute that conflicts with a pre-existing procedural rule, without violating the doctrine of separation of powers, and . . . such a statute is of no effect."). Given our holding in *Lyft*, writ relief is appropriate in this case because the district court's adoption of the discovery commissioner's recommendation that NRS 52.380 supersedes NRCP 35, and its resulting denial of Lee's motion, constituted a manifest abuse of discretion. *Cf. Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). Further, issuance of the writ is appropriate because the parties are still in the early stages of litigation and issuing the writ serves the interests of judicial administration. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order adopting the discovery commissioner's

report and instruct the district court to analyze the parties' positions consistent with NRCP 35.[1]

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                      Stiglich

_____, J.          _____, J.
Cadish                                        Silver

_____, J.          _____, J.
Pickering                                     Herndon

cc:    Hon. David M. Jones, District Judge
       Hon. Linda M. Bell, Chief Judge
       Duane Morris LLP/New York
       Duane Morris LLP/Las Vegas
       Maier Gutierrez & Associates
       Eighth District Court Clerk

---

[1]Real party in interest, Alberto Eduardo Cario, requested that we not consider Lee's petition because she did not comply with NRS 30.130 prior to filing this petition. NRS 30.130 only applies to declaratory judgment actions. *State, Office of the Att'y Gen. v. Justice Court of Las Vegas Twp. (Escalante)*, 133 Nev. 78, 82, 392 P.3d 170, 173 (2017). This is not a declaratory judgment action. Therefore, we reject Cario's request.