# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDGARDO P. YUSI; AND KEOLIS
TRANSIT SERVICES, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
NANCY L. ALLF, DISTRICT JUDGE,
Respondents,
  and
HEATHER FELSNER,
Real Party in Interest.

No. 82625

**FILED**

JAN 2 8 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order adopting a discovery commissioner's recommendation that examination of the real party in interest's medical and physical condition proceed under NRS 52.380.

Petitioner, Edgardo Yusi, alleges the district court manifestly abused its discretion by adopting a discovery commissioner's recommendation that NRS 52.380 supersedes NRCP 35. We elect to entertain this petition because "judicial economy and sound judicial administration militate in favor of writ review." *Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009).

In *Lyft, Inc. v. Eighth Judicial District Court*, we held NRS 52.380 unconstitutional because it violated the separation of powers doctrine. 137 Nev., Adv. Op. 86, __ P.3d __ (2021). Specifically, NRS 52.380 violated separation of powers because it is a procedural statute that conflicts with NRCP 35—a preexisting court rule. *See State v. Connery*, 99 Nev. 342, 345, 661 P.2d 1298, 1300 (1983) ("[T]he [L]egislature may not enact a procedural statute that conflicts with a pre-existing procedural rule, without violating the doctrine of separation of powers, and . . . such a statute is of no effect."). Given our holding in *Lyft*, writ relief is appropriate in this case because the district court's adoption of the discovery commissioner's recommendation that NRS 52.380 supersedes NRCP 35 and, its resulting denial of Yusi's motion, constituted a manifest abuse of discretion. *Cf. Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). Further, issuance of the writ is appropriate because the parties are still in the early stages of litigation and issuing the writ serves the interests of judicial administration. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008). Accordingly, we vacate our January 20, 2022, temporary stay and

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order adopting the discovery commissioner's

report and instruct the district court to analyze the parties' positions consistent with NRCP 35.[1]

 /s/ Parraguirre , C.J.
 Parraguirre

 /s/ Hardesty , J. /s/ Stiglich , J.
Hardesty Stiglich

 /s/ Cadish , J. /s/ Silver , J.
Cadish Silver

 /s/ Pickering , J. /s/ Herndon , J.
Pickering Herndon

cc: Hon. Nancy L. Allf, District Judge
 Hon. Linda M. Bell, Chief Judge
 Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
 Shook & Stone, Chtd.
 The Powell Law Firm
 Schwab Law Firm PLLC
 Eighth District Court Clerk

---

[1]In light of our decision, we do not address the parties' remaining arguments.