[No. 11607.    In Bank. —December 27, 1886.]

HONORA McGRATH, RESPONDENT, v. ELLEN HYDE, APPELLANT.

APPEAL — FAILURE TO FILE TRANSCRIPT — DISMISSAL — SETTLEMENT OF BILL OF EXCEPTIONS. — Pending the settlement of a bill of exceptions before the trial judge, an appeal will not be dismissed on account of the failure of the appellant to file the transcript. If unwarranted delay occurs in the settlement, the respondent should seek redress in the lower court.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Motion to dismiss appeal. The facts are stated in the opinion.

*E. B. Holladay*, for Appellant.

*M. Cooney*, for Respondent.

SEARLS, C. — This is a motion on behalf of the plaintiff to dismiss an appeal prosecuted by the defendant.

Rule 2 of this court requires the appellant to file his transcript within forty days after the appeal is perfected, and the bill of exceptions and statement (if there be any) are settled.

There are two certificates of the clerk of the Superior Court on file, from which it appears that final judgment was entered in the cause against defendant August 20, 1885, *nunc pro tunc*, as of January 13, 1885; that on October 10, 1885, defendant filed her notice of appeal from the judgment and decree, and on the same day filed an undertaking on appeal in the sum of three hundred dollars.

A notice of appeal by defendant from the final judgment had been previously filed on the seventeenth day of September, 1885, but so far as appears, the appeal was not perfected by filing an undertaking.

Defendant had also, on the twenty-ninth day of July, 1885, perfected an appeal from an order denying a motion for a new trial in the cause.

A bill of exceptions was prepared by defendant, and submitted to the court for settlement on the 28th of October, 1885, pursuant to a notice served on plaintiff's attorney October 23d, and such amendments were made thereto and proceedings had therein, that the exceptions were finally settled and signed by the judge of the Superior Court, May 7, 1886.

It further appears that the time for preparing and serving the bill of exceptions was extended to October 10, 1885, and that it was served upon the attorney for plaintiff on the eighth day of October, 1885.

Notice of this motion was served April 30, 1886. As

a bill of exceptions had been prepared and served, and had not yet been settled by the judge when this motion was made, the motion to dismiss the appeal should be denied. Appellant was entitled to forty days within which to file her transcript after the bill was settled.

If unwarranted delay was had in the settlement of the bill of exceptions after it was proposed, the court below was the proper forum in which to seek redress.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the motion is denied.