# THE SUPREME COURT

OF THE

# STATE OF NEVADA

## APRIL TERM, 1907.

[No. 1707.]

ELIZA YOUNG, AS ADMINISTRATRIX OF THE ESTATE OF
FRANK SINGLETON, DECEASED, RESPONDENT, *v.* F. C.
UPDIKE, AS ADMINISTRATOR OF THE ESTATE OF F.
X. LAMBERT, DECEASED, APPELLANT.

1. APPEAL—PERFECTING APPEAL—RULES OF COURT. Under Supreme Court
   Rules 2 and 3, providing for the dismissal of an appeal where the
   transcript of the record has not been filed within the time specified,
   an appeal from a judgment will be dismissed where no statement or
   bill of exceptions was served or filed, and where appellant never
   requested that a transcript of the record be forwarded to the supreme
   court, nor attempted to perfect the appeal, other than to file the
   notice of appeal and the undertaking.

2. SAME. Under Comp. Laws, 3427, *et seq.*, providing that where appellant
   does not agree to the amendments to the statement on appeal proposed
   by respondent, he must within two days serve notice on respondent
   that the proposed statement and amendments will be presented to the
   judge for settlement. On counsel failing to agree on the statement and
   certifying to such fact, the same could be submitted by either party
   to the trial judge for settlement.

3. SAME. Where there has been unwarranted delay in a settlement of the
   statement on appeal from an order striking out the statement on
   motion for new trial, the trial court is the forum in which to seek
   redress.

APPEAL from the District Court of the Second Judicial
District of the State of Nevada, Washoe County; *M. A.
Murphy*, Judge.

Action by Eliza Young, Administratrix of the Estate of Frank Singleton, deceased, against F. C. Updike, Administrator of the Estate of F. X. Lambert, deceased. From a judgment for plaintiff, defendant appeals. Heard on motion of plaintiff to dismiss appeals taken by defendant from the judgment, and from an order striking out the statement on motion for a new trial. Motion to dismiss appeal from judgment. **Granted.** Motion to dismiss appeal from order. **Denied.**

The facts sufficiently appear in the opinion.

*J. T. Boyd* and *A. N. Salisbury*, for Appellants.

*George D. Pyne* and *Mack & Farrington*, for Respondents.

By the Court, NORCROSS, J.:

This is a motion upon behalf of plaintiff to dismiss appeals taken by defendant from the judgment and from an order striking out the statement on motion for a new trial, upon the ground of want of prosecution. Rule 2 of this court provides that: "In all cases where an appeal has been perfected, and the statement settled (if there be one) thirty days before the commencement of a term, the transcript of the record shall be filed on or before the first day of such term." Rule 3 makes provision for the dismissal of the appeal if the transcript of the record is not filed within the time prescribed by rule 2. Appellant filed his notice and undertaking on appeal from the judgment on the 2d day of November, 1905. No statement or bill of exceptions on appeal from the judgment was ever served or filed. Appellant has never requested that a transcript of the record on appeal from the judgment be forwarded to this court, or attempted in any way to perfect such appeal other than to file the said notice and undertaking.

Counsel for appellant does not oppose the dismissal of the appeal from the judgment, and it is clear that it ought to be dismissed. On the 19th day of April, 1905, the trial court entered an order striking out defendant's proposed statement on motion for new trial. On the 19th day of May,

1905, defendant (appellant herein) filed and served a notice of appeal from the order striking out the proposed statement, and on the 23d day of May following filed an undertaking on appeal. On the 19th day of May, 1905, defendant filed and served what is denominated "Defendant's Proposed Bill of Exceptions." On the 30th day of June, 1905, the plaintiff filed and served "Proposed Amendments to Defendant's Proposed Bill of Exceptions." Since the filing of these papers nothing appears to have been done by either party to have the so-called bill of exceptions settled so that the same might be forwarded to this court. There seems to have been some misunderstanding by both parties regarding the proper method of procedure in the lower court. What the defendant has denominated his "Proposed Bill of Exceptions" is in reality a proposed statement on appeal from the order striking out the proposed statement on motion for a new trial and is governed by section 332, *et seq.*, of the civil practice act (Comp. Laws, 3427, *et seq.*).

By the provisions of sections 332 and 333 of the civil practice act the appellant, if he does not agree to the proposed amendments, is required within two days to serve notice upon the respondent that the proposed statement and proposed amendments will be presented to the judge who tried the case for settlement, or he will be deemed to have agreed to the proposed amendments. In this matter the appellant did not give such notice, and he is deemed to have agreed to the proposed amendments. Under this state of facts, if counsel could not agree upon the statement and certify to such fact, the same could have been submitted by either party to the judge to be by him corrected, if the same contained any misstatements of his rulings, and by him certified as having been allowed and that it is correct. All that was necessary to be done in this case to have the statement settled and certified was to submit the proposed statement and amendments to the judge who tried the cause, which submission could have been made to the judge in any part of the state. (Comp. Laws, 2573.) If there has been unwarranted delay in the settlement of the statement on appeal from the order striking out the statement on motion for new

trial, the court below is the proper forum in which to seek redress. (*McGrath* v. *Hyde*, 71 Cal. 454, 12 Pac. 497.)

The motion to dismiss the appeal from the judgment is granted.

The motion to dismiss the appeal from the order striking out the statement on motion for new trial is denied.

It is further ordered that the original papers in this cause, filed with this court upon the hearing of the motion, be returned to the trial court.

Talbot, C. J.: I concur.

Sweeney, J., did not participate in the foregoing opinion; the cause having been submitted during the October term, 1906.