W. G. SHIPMAN, as Surviving Partner of the Former Partnership of C. R. SHIPMAN and W. G. SHIPMAN, Doing Business as SHIPMAN BROTHERS TRANSFER COMPANY, Petitioner, v. THE HONORABLE HARRY M. WATSON, as Judge of the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, Respondent.

No. 3580

February 7, 1950.                                                  214 P.2d 155.

*Robert R. Gill,* of Ely, for Petitioner.

*Gray & Horton,* of Ely, for Respondent.

**O P I N I O N**

By the Court, McNAMEE, District Judge:

By this proceeding in mandamus the petitioner seeks to compel the trial court to settle certain proposed statements as bills of exceptions.

After a jury trial resulting in a money judgment in favor of respondent, petitioner in proper time served and filed three purported bills of exceptions. One consists of the reporter's official transcript of the trial proceedings which requires no settlement by the court and with which we are not now concerned. The other two are instruments in narrative form relating to orders of the trial court made before and after the trial. The respondent moved to strike these last two instruments. Their nature and the reason the trial judge refused to settle them as bills of exceptions appear from the district judge's decision on the said motion to strike, which reads in part as follows: "Defendants having filed in addition to reporter's transcript two separate purported bills for settlement, both in extended narrative form, and the matter having been submitted on plaintiff's motion to strike the latter purported bills of exception.

"And the Court giving consideration to the motion to strike as timely objections and without passing on the propriety of such motion in proper case is of the opinion that such bills of exception in narrative form, in such great detail, and bringing to the attention of the Supreme Court only the party's version of the proceedings, rulings, objections and exceptions, should, we think, be frowned upon, particularly in a reported case;

even where party has properly preserved his right to the alternative form of bill of exceptions, which is doubtful here; and where by long history of practice in our State proper matters for consideration of the Supreme Court, which are outside the judgment roll are, and we think should be, brought to the attention of the Supreme Court in a bill of exceptions by certification of the Clerk of the papers, orders and minutes which may properly be certified, and other pertinent matters be brought to the attention of the Supreme Court briefly, concisely and accurately, which by stipulation of counsel or by determination of Court might be signed as a proper bill of exceptions, presenting for consideration motions, objections, rulings and exceptions.

"Feeling that the two purported bills of exception are not properly bills of exceptions in view of the foregoing, and giving consideration to the motion to strike as objections thereto, it is the Decision of the Court that we cannot settle and sign the same as a bill of exceptions."

The Nevada legislature by section 9385.81, Nevada Compiled Laws, Supplement 1931–1941 has provided in detail the manner of making up and preparing bills of exceptions.[1]

---

[1]"§ 9385.81 Bill of Exceptions, How and When Filed. § 31. At any time after the filing of the complaint and not later than twenty (20) days after final judgment, or if a motion be made for a new trial, then within twenty (20) days after service of written notice of the decision upon such motion, except as in subdivision (2) of this section otherwise provided, any party to an action or proceeding may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or proceeding.

"Transcript of Proceedings may Constitute Bill of Exceptions. Bills of exceptions shall be made up and prepared as follows, and not otherwise:

"(1) A transcript of the proceedings, certified by the court

■ The transcript of proceedings certified by the court reporter together with all other matters, exhibits, motions, papers, or orders, to be incorporated therein, may be served and filed, subject to settlement, as a bill of exceptions. Or, as an alternative, a bill of exceptions may consist of the point of exception particularly stated, delivered to the judge in writing or written down by the clerk.

There is nothing in the statutes limiting the number of bills of exceptions a party may file, but N.C.L.1931–1941 Supp., sec. 9385.84, expressly provides that bills of exceptions must be prepared, served and filed as provided by the act relating thereto and not otherwise.

■ It is respondent's contention that the two proposed

reporter, appointed by the court, under authority of law, or by agreement of the parties, to be a full, true and correct transcript thereof, may be served and filed, and when so filed shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto. Transcript of the proceedings, certified by the court reporter, as herein provided, together with all other matters, exhibits, motions, papers or orders, required to be incorporated in a bill of exceptions, when so incorporated in the bill of exceptions, as herein provided, and when such bill of exceptions has been so settled and allowed, as herein provided, it shall become a part of the record in such action or proceeding.

"When Record of Proceedings Shall Constitute Bill of Exceptions. (2) When the transcript of the proceedings, as provided in subdivision (1) of this section, is not served and filed as the bill of exceptions of the proceedings relating to the point or points involved upon such proceedings, then the bill of exceptions shall be based and be prepared upon a record of the proceedings made up as follows:

"(a) The point of the exception shall be particularly stated, and may be delivered in writing to the judge, or, if the party require it, shall be written down by the clerk. When delivered in writing or written down by the clerk, it shall be made conformable to the truth, or be at the time, or at or before the conclusion of the trial, corrected until it is so made conformable to the truth. If the judge shall in any case refuse to allow an exception in accordance with the facts, any party aggrieved thereby may petition the supreme court for leave to prove the same, and shall have the right so to do, in such mode and manner and according to such regulations as

bills of exceptions in narrative form have not been prepared according to the statutory requirements and that therefore his action refusing to settle them as bills of exceptions was proper. With this we agree.

These questioned documents narrate certain proceedings of the trial court which are assigned as error, but nowhere does it appear that petitioner, as required by statute, particularly stated his exception to the court's rulings complained of, either by a writing delivered to the judge or by having them written down by the clerk.

The obvious purpose of such statutory requirement is to furnish the court an opportunity to make the point

the supreme court may by rules impose, and such exceptions as are allowed by said supreme court shall become a part of the record of the cause.

"(b) During the progress of an action or proceeding or cause a party may take his bill of exceptions to the admission or exclusion of testimony, or to the rulings of the court or judge on points of law, and it shall not be necessary to embody in such bill of exceptions anything more than sufficient facts to show the point and pertinency of the exceptions taken. The presiding judge shall sign the same, within the time herein limited, as the truth of the case may be.

"(c) A statement of the case may be incorporated in, and made a part of such bill of exceptions; such statement shall state specifically particular errors or grounds upon which the party intends to rely on upon the appeal, and shall contain so much of the evidence as may be necessary to explain the particular errors or grounds specified, and no more, and shall be served, by copy thereof, upon the adverse party, and the original filed with the clerk.

"(d) When the bill of exceptions of the proceedings, as provided for in subdivision (2) of this section, is used instead of the bill of exceptions, as provided for in subdivision (1) of this section, and such bill of exceptions has been settled and allowed by the judge or court, or by stipulation of the parties, as herein provided, the same, together with other matters, exhibits, motions, papers or orders required to be incorporated in a bill of exceptions, when so incorporated in the bill of exceptions, as herein provided, and when such bill of exceptions has been so settled and allowed, it shall become a part of the record in such action or proceeding; provided, however, that no party to any action or proceeding shall have the benefit or the right to present or use the form of bills of exceptions, as authorized in subdivision (2) of this section, unless such party, in open court and before the taking of any testimony, stated such intention and caused such statement of intention to be entered of record in such action or proceeding by the clerk of the court."

of the exception conformable to the truth, some time during and before the conclusion of the trial, and while the facts are fresh in mind. For counsel, intending to rely on the alternative method of preparing a bill of exceptions, merely to object to or except to a ruling of the court without giving any reason therefor and without stating the point of the objection with particularity, or for him to remain silent after an adverse ruling, affords the court no opportunity to make and preserve a true and complete record of that specific court's action which might later be asserted as an assignment of error in a bill of exceptions prepared under the said alternative method.

We conclude that the two documents offered to the trial judge for settlement as bills of exceptions long after the happening of the events complained of, and consisting of assignments of error based only on petitioner's version in narrative form of the proceedings below, which at that late date could not, with any guarantee of certainty, be made complete and accurate and in conformity with the truth, were not prepared, served and filed as provided by law, and, therefore, it was not incumbent upon the trial judge to settle and sign the same as bills of exceptions.

The petition for a writ of mandate is denied.

HORSEY, C. J., and BADT, J., concur.

EATHER, J., being absent on account of illness, the Governor commissioned Honorable FRANK MCNAMEE, judge of the Eighth Judicial District, to act in his place.

ON PETITION FOR REHEARING

March 2, 1950.

*Per Curiam:*

Rehearing denied.