ARNOLD GRAFF, PLAINTIFF AND RESPONDENT, *v.* SHIPMAN BROS. TRANSFER CO., A PARTNERSHIP, AND C. R. SHIPMAN AND W. G. SHIPMAN, PARTNERS, ASSOCIATED IN BUSINESS UNDER THE COMMON NAME AND STYLE OF SHIPMAN BROS. TRANSFER CO., DEFENDANTS AND APPELLANTS.

No. 3614

September 27, 1950. 222 P.2d 497.

*Robert R. Gill,* of Ely, for surviving Appellant.

*Gray & Horton,* of Ely, for Respondent.

## OPINION

By the Court, HORSEY, C. J.:

This is on motion to dismiss the appeal of the appellants in the above-entitled action.

The respondent, Arnold Graff, by his attorneys, Messrs. Gray and Horton, in his notice of motion to dismiss such appeal, has stated his grounds for such motion as follows:

"1. That no transcript of the record on appeal has ever been filed with the Clerk of the above entitled Court as prescribed by Rule II of the Rules of the Supreme Court.

"2. That no Bill of Exceptions has ever been served and filed as prescribed by Section 9385.81, Nevada Compiled Laws Supplement, 1931–1941.

"3. That no Points and Authorities or Brief has been filed and served with the Clerk of the above entitled Court as prescribed by Rule XI of the Rules of the Supreme Court."

In the notice of motion, following the above grounds therefor, it is stated that:

"Upon the hearing of this motion, Plaintiff below, Respondent here, will rely upon the following, to-wit:

"1. Exhibit 'A'—Judgment Roll
 "A. Complaint
 "B. Answer
 "C. Demurrer
 "D. Order
 "E. Amended Answer and Counterclaim
 "F. Reply
 "G. Verdict
 "H. Judgment by Clerk Upon Verdict
 "I. Clerk's Certificate to Judgment Roll
"2. Exhibit 'B'—Affidavit of C. E. Horton
"3. Exhibit 'C'—Certificate of F. D. Oldfield
"4. Exhibit 'D'—Notice of Intention to Move for a New Trial
"5. Exhibit 'E'—Notice of Decision
"6. Exhibit 'F'—Stipulation
"7. Exhibit 'G'—Notice of Appeal
"8. Exhibit 'H'—Undertaking on Appeal
"9. Exhibit 'I'—Stipulation"

Certain factual and legal situations must be considered

in order properly to resolve and determine the basic grounds of the motion to dismiss the appeal. Briefly stated, the cause of action as alleged in the complaint discloses: "That Plaintiff is informed and believes and, therefore, alleges the fact to be, that as the proximate result of said careless, negligent, reckless and unlawful conduct of said Defendants, the said Defendants, by and through their said agent, servant and employee, the said R. H. Van Pool, negligently, carelessly, recklessly and unlawfully operated and drove the said Kenworth Tractor and Trailer into, upon, over and against the said herd of sheep with great force and violence, and whereby and by reason whereof, and as the proximate result of said negligent, reckless, careless and unlawful conduct of said Defendants, as aforesaid, One Hundred Sixty - four (164) head of ewes, heavy with lambs, and ten (10) yearling ewes, belonging to said Plaintiff, were killed or died as the proximate result of the acts of the said Defendants, as herein complained of."

In paragraph XI of the complaint, filed January 26, 1946, it was, in substance, alleged that the 164 head of ewes, heavy with lambs, at said time and place, were of the value of $17 per head, that there was a ready market for such ewes, and that the same could have been sold for such price, at said time and place, and that, at said time and place, nine of the yearling ewes would have found a ready market and could have been sold for the price of $14 per head. Then follows the concluding paragraph of said paragraph XI, as follows: "That by reason of the premises, and of the things and matters herein mentioned, and by reason of said carelessness, negligence, recklessness and unlawful conduct of said Defendants, as aforesaid, Plaintiff has been damaged in the sum of Two Thousand Nine Hundred Twenty-eight Dollars ($2928.00)," which was followed by the prayer, which prayed judgment against the defendants, and each of them, in the sum of $2,928, costs of suit and for such other and further relief as was meet and proper in the premises.

Upon further pleadings and proceedings having occurred, and the case having become at issue, the action, as shown by the certified copy of the judgment roll, certified on the 4th day of April, 1950, by F. D. Oldfield, clerk, was brought to trial on the 20th day of May, 1947, by a jury. Upon the conclusion of such jury trial, the jury, on said 20th day of May, 1947, found, by their verdict, in favor of the plaintiff and against the defendant, and assessed the plaintiff's damages at $2,590.

On the following day, May 21, 1947, the said F. D. Oldfield, clerk, entered "judgment in favor of said plaintiff in accordance with said verdict, together with the costs and disbursements of this action taxed and allowed at the sum of Fifty-seven and 50/100 Dollars making a total judgment of Two Thousand six hundred & forty-seven & 50/100 Dollars." (See copy of "Judgment by Clerk upon Verdict," No. 5079, and constituting part of said judgment roll.)

As disclosed by the affidavit of said C. E. Horton, exhibit "B," in the motion to dismiss the appeal, said affiant, among other things, has stated the following:

"That on the 20th day of May, 1947, the jury sitting at the trial of the above entitled case and cause found a verdict in favor of the above named Plaintiff-Respondent and against the above named Defendants-Appellants;

"That judgment upon said verdict was entered by the Clerk of the Court on the 21st day of May, 1947;

"That thereafter and on the 26th day of May, 1947, said Defendants-Appellants, acting by and through their attorney, Robert R. Gill, Esq., filed Notice of Intention to Move for a New Trial;

"That on the 2nd day of June, 1947, the Court denied the motion for a new trial on all grounds set forth in said Notice of Intention to Move for a New Trial;

"That on the 16th day of July, 1947, said Defendants-Appellants filed with the Clerk of the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, their Notice of Appeal from the said judgment entered on the said 21st day of May, 1947,

and from the order of the Lower Court entered on the 2nd day of June, 1947, denying the motion for a new trial;

"That on the said 16th day of July, 1947, the said Defendants-Appellants filed with the Clerk of said Lower Court their Undertaking on Appeal;

"That the last stipulation extending time within which to proceed in regard to the appeal herein signed by counsel for said Plaintiff-Respondent and Defendants-Appellants respectively, was under date of July 25, 1947, whereby the time was extended to and including the 28th day of August, 1947, within which to object to the allowance and settlement or otherwise proceed in regard to certain papers served by counsel for Defendants-Appellants;

"That the time within which the said Defendants-Appellants could file a transcript of record herein has heretofore expired;

"That the time within which the said Defendants-Appellants could serve and file a Bill of Exceptions herein has heretofore expired;"

It is conceded and agreed by both parties that the appellants' counsel, on July 22, 1947, served and filed what purported to be three bills of exceptions. One of such bills of exceptions was served by appellants' counsel, Robert R. Gill, Esq., and served upon counsel for respondent, Messrs. Gray and Horton, and which did not require settlement, for the reason that said bill of exceptions consisted of the court reporter's transcript of the proceedings in the court below, such court reporter having been duly appointed by the honorable district judge of the Seventh judicial district, in and for the county of White Pine, and duly authorized to serve in taking such testimony and to certify to same under authority of law.

In section 9385.81, Nevada Compiled Laws Supplement, 1931–1941, in the second paragraph of said section, is the following provision:

"Transcript of Proceedings may Constitute Bill of

Exceptions. Bills of exceptions shall be made up and prepared as follows, and not otherwise:

"(1) A transcript of the proceedings, certified by the court reporter, appointed by the court, under authority of law, or by agreement of the parties, to be a full, true and correct transcript thereof, may be served and filed, and when so filed shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, *without further stipulation or settlement by the court;* provided, however, that on motion duly noticed, the court may at any time *correct* any error in such transcript by appropriate *amendment* thereto." (Emphasis added.)

In paragraph (a), page 2, of appellant's points and authorities, appellant has stated, on lines 22 to 24 thereof, the following: "One bill of exceptions, the reporter's transcript of proceedings on the trial, certified by her and *requiring no settlement,* was served and filed on July 22, 1947, * * *." (Emphasis added.)

On page 2 of "Surviving Appellant's Points and Authorities on Opposition to Motion to Dismiss Appeal," on line 20½ to and including line 31, we quote the following:

"Point 2:

"(a) One bill of exceptions, the reporter's transcript of proceedings on the trial, certified by her and requiring no settlement, was served and filed on July 22, and two other proposed bills of exceptions were served and filed on the same date. (Respondent's Exhibit 'I' on Notice of Motion to Dismiss Appeal.) These were under consideration on motion to strike from August 1, 1947, to March 22, 1949. They were not stricken, but settlement was refused. Writ of Mandate to compel settlement was applied for under date of April 29, 1949. (Shipman v. Watson, No. 3580 in this Court [67 Nev. 74, 214 P.2d 155])."

Further consideration hereinafter will be given to the other matters presented in said point 2 on pages 2 and 3 of said "Surviving Appellant's Points and Authorities

on Opposition to Motion to Dismiss Appeal," but it seems advisable now to refer to and quote at length from Shipman v. Watson, 67 Nev. 74, 214 P.2d 155, to and including page 158. The opinion was written by the Honorable Frank McNamee, district judge, and concurred in by HORSEY, C. J., and BADT, J., and, omitting footnote 2, on pages 156 and 157 of said 214 P.2d, accompanying the text and consisting entirely of the provisions of the statute, section 9385.81, Nevada Compiled Laws Supplement, 1931–1941, which is stated verbatim therein, the text of District Judge McNamee's said opinion is as follows:

"By this proceeding in mandamus the petitioner seeks to compel the trial court to settle certain proposed statements as Bills of Exceptions.

"After a jury trial, resulting in a money judgment in favor of respondent, petitioner in proper time served and filed three purported bills of exceptions. One consists of the reporter's official transcript of the trial proceedings which requires no settlement by the court and with which we are not now concerned. The other two are instruments in narrative form relating to orders of the trial court made before and after the trial. The respondent moved to strike these last two instruments. Their nature and the reason the trial judge refused to settle them as bills of exceptions appear from the District Judge's decision on the said motion to strike, which reads in part as follows: 'Defendants having filed in addition to reporter's transcript two separate purported bills for settlement, both in extended narrative form, and the matter having been submitted on plaintiff's motion to strike the latter purported bills of exception.

"'And the Court giving consideration to the motion to strike as timely objections and without passing on the propriety of such motion in proper case is of the opinion that such bills of exception in narrative form, in such great detail, and bringing to the attention of the Supreme Court only the party's version of the proceedings, rulings, objections and exceptions, should, we think,

be frowned upon, particularly in a reported case; even where party has properly preserved his right to the alternative form of bill of exceptions, which is doubtful here; and where by long history of practice in our State proper matters for consideration of the Supreme Court, which are outside the judgment roll are, and we think should be, brought to the attention of the Supreme Court in a bill of exceptions by certification of the Clerk of the papers, orders and minutes which may properly be certified, and other pertinent matters be brought to the attention of the Supreme Court briefly, concisely and accurately, which by stipulation of counsel or by determination of Court might be signed as a proper bill of exceptions, presenting for consideration motions, objections, rulings and exceptions.

" 'Feeling that the two purported bills of exception are not properly bills of exceptions in view of the foregoing, and giving consideration to the motion to strike as objections thereto, it is the Decision of the Court that we cannot settle and sign the same as a bill of exceptions.'

"The Nevada legislature by Section 9385.81, Nevada Compiled Laws, Supplement 1931–41 has provided in detail the manner of making up and preparing bills of exceptions.

"The transcript of proceedings certified by the court reporter together with all other matters, exhibits, motions, papers, or orders, to be incorporated therein, may be served and filed, subject to settlement, as a bill of exceptions. Or, as an alternative, a bill of exceptions may consist of the point of exception particularly stated, delivered to the judge in writing or written down by the clerk.

"There is nothing in the statutes limiting the number of bills of exceptions a party may file, but N.C.L.1931–41 Supp. § 9385.84 expressly provides that bills of exceptions must be prepared, served and filed as provided by the act relating thereto and not otherwise.

"It is respondent's contention that the two proposed bills of exceptions in narrative form have not been prepared according to the statutory requirements and that therefore his action refusing to settle them as bills of exceptions was proper. With this we agree.

"These questioned documents narrate certain proceedings of the trial court which are assigned as error, but nowhere does it appear that petitioner, as required by statute, particularly stated his exception to the court's rulings complained of, either by a writing delivered to the judge or by having them written down by the clerk.

"The obvious purpose of such statutory requirement is to furnish the court an opportunity to make the point of the exception conformable to the truth, some time during and before the conclusion of the trial, and while the facts are fresh in mind. For counsel, intending to rely on the alternative method of preparing a bill of exceptions, merely to object to or except to a ruling of the court without giving any reason therefor and without stating the point of the objection with particularity, or for him to remain silent after an adverse ruling, affords the court no opportunity to make and preserve a true and complete record of that specific court's action which might later be asserted as an assignment of error in a bill of exceptions prepared under the said alternative method.

"We conclude that the two documents offered to the trial judge for settlement as bills of exceptions long after the happening of the events complained of, and consisting of assignments of error based only on petitioner's version in narrative form of the proceedings below, which at that late date could not, with any guarantee of certainty, be made complete and accurate and in conformity with the truth, were not prepared, served and filed as provided by law, and, therefore, it was not incumbent upon the trial judge to settle and sign the same as a bill of exceptions.

"The petition for a writ of mandate is denied."

The opinion speaks for itself. The two bills of exceptions, as before stated, were filed July 22, 1947. A stipulation dated July 25, 1947 and signed by attorneys for the respective parties, on that same date, provided:

"that plaintiff have to and including the 28th day of August, 1947, within which to object to the *allowance and settlement* or otherwise proceed, in regard to the hereinafter described papers, served upon plaintiff on the 22nd day of July, 1947, by Robert R. Gill, attorney for above named defendant. Said above described papers are as follows:

"1. Transcript of Proceedings herein

"2. Bill of Exceptions to Order Denying Motion for a New Trial

"3. Bill of Exceptions to Order of Court Striking Defendant's Notice of Demand For Security for Costs, Striking Certain Matter From Answer And Striking Matter Constituting Counterclaim From Amended Answer and Counterclaim"

■ Apparently in the above-mentioned stipulation, the inclusion of the reporter's "Transcript of Proceedings" was inadvertent, both parties in the instant motion to dismiss the appeal having, as we have hereinbefore stated, clearly set forth (and such is the law) that, as to the first of the three bills of exceptions, to wit, the reporter's transcript of proceedings, same did not require allowance or settlement. And, as pointed out by the Honorable Frank McNamee, district judge, in his said opinion in Shipman v. Watson, Supra, 67 Nev. 74, on page 156 of 214 P.2d: "One consists of the reporter's official transcript of the trial proceedings which requires no settlement by the court and with which we are not now concerned. The other two are instruments in narrative form relating to orders of the trial court made before and after the trial. The respondent moved to strike these last two instruments."

And we repeat the learned district judge's statement in the last paragraph of his opinion, 67 Nev. 74, on

page 158 of 214 P.2d, as follows: "We conclude that the two documents offered to the trial judge for settlement as bills of exceptions, long after the happening of the events complained of, and consisting of assignments of error based only on petitioner's version in narrative form of the proceedings below, which at that late date could not, • with any guarantee of certainty, be made complete and accurate and in conformity with the truth, were not prepared, served and filed as provided by law, and, therefore, it was not incumbent upon the trial judge to settle and sign the same as a bill of exceptions."

Referring now to the "Surviving Appellant's Points and Authorities on Opposition to Motion to Dismiss Appeal," on pages 2 and 3 thereof, and resuming our consideration of appellant's allegations or statements of fact therein, immediately after the parentheses and the title, Shipman v. Watson, No. 3580 in this court, we note, commencing on line 31, page 2, and to and including line 8 on page 3, the following:

"The application was denied on or about February 1, 1950, and Petition for Rehearing denied March 2, 1950. Four days later Notice of Motion for leave to withdraw Reporter's Transcript from the clerk's files for use in the preparation of a new (or amended) bill of exceptions was served and filed in the court below. (Exhibit 2 to Objections to Motion to Dismiss Appeal, etc.) The statements made under Respondent's Point II are therefore not in accordance with facts.

"(b) Failure to file a bill of exceptions in time, if there had been such, would not be a ground for dismissal of appeal."

We must bear in mind that, as to the two bills of exceptions fully treated in Shipman v. Watson, supra, and as shown now in the present proceeding in relation to the motion to dismiss the appeal, and particularly in the above-mentioned stipulation (Exhibit "I") appended to said motion to dismiss, the time within which to object to such allowance and settlement of said bills of

exceptions expired on August 28, 1947, and, apparently, no further extension of time in which to do so was requested.

As Mr. Gill, attorney for appellant, has pointed out above, in said "Surviving Appellant's Points and Authorities on Opposition to Motion to Dismiss Appeal," in lines 27 and 28, page 2, such two bills of exception "were under consideration on motion to strike from August 1, 1947 to March 22, 1949," which latter date was, of course, long after August 28, 1947, at which time such stipulation had expired.

■ This court has repeatedly held that under our statutes, and particularly under the provisions of section 9385.81, Nevada Compiled Laws Supplement, 1931–1941, and subsequent sections of the Nevada Civil Practice Act which relate to new trials and appeals, the time within which a bill of exceptions must be served and filed is mandatory and jurisdictional, and the time cannot be extended, even upon stipulation by counsel, or by the court, after the time to serve and file such bill of exceptions has expired. See Craig v. Harrah, 65 Nev. 294, 195 P.2d 688, in which, on page 300 of 65 Nev., page 690 of 195 P.2d, it is stated: "The defendant, by his above mentioned motion, filed June 10, 1948, for an extension of time within which to file bill of exceptions, and addressed to this court, seeks relief from us at a time more than four months after the expiration, on February 5, 1948, of his statutory time of twenty days allowed for that purpose. To be of any avail to defendant, such relief would necessarily have to relate back to a time prior to the expiration of his statutory time, on February 5th. This court, obviously, has no jurisdiction to grant such extension to operate retroactively. The statutory provision fixing the time within which bills of exceptions may be filed has been repeatedly held to be mandatory and jurisdictional."

We cite, also, Johnson v. Johnson, 54 Nev. 433, 22 P.2d 128; Comstock Phoenix Mining Co. v. Lazzeri, 55 Nev. 421, 36 P.2d 360; Dillon v. Dillon, 67 Nev. 428,

220 P.2d 213; Blouin v. Blouin, 66 Nev. 137, 206 P.2d 608.

 It is clearly obvious that appellant, in line 31 on page 2, to and including line 5 on page 3, of "Surviving Appellant's Points and Authorities on Opposition to Motion to Dismiss Appeal," has insisted upon his right to the effect that this court should sanction or approve the request of appellant in the court below "for leave to withdraw Reporter's Transcript from the clerk's files for use in the preparation of a new (or amended) bill of exceptions * * *," and which request was, and is, entirely untenable. Such alleged two bills of exceptions were served and filed July 22, 1947, and within the thirty days required after the judgment of July 2, 1947. But such two bills of exceptions, being in narrative form and not prepared under modern practice, were insufficient, ineffective and futile, and must be deemed void, in view of the decision in Shipman v. Watson, supra, and any effort to permit the serving and filing of any new or amended bill of exceptions at that late date (four days after March 2, 1950), or at any time after the expiration of said stipulation, on August 28, 1947, was, and is, untenable, and cannot be sanctioned or approved, in view of the former expressions of this court upon the question involved.

Referring again to the "Notice of Motion to Dismiss Appeal," and particularly to respondent's alleged ground 2, which is stated, on pages 1 and 2 of said motion, to be that "no Bill of Exceptions has ever been served and filed as prescribed by section 9385.81, Nevada Compiled Laws Supplement, 1931–1941," we find that said ground is well taken and must be sustained.

We will next refer briefly to ground 1 of said "Motion to Dismiss Appeal," and which has before been copied in this opinion, but for convenience, will be repeated. Such ground 1 is: "1. That no transcript of the record on appeal has ever been filed with the Clerk of the above entitled Court as prescribed by Rule II of the Rules of the Supreme Court." (See page 1, line 28½ to and

including line 31, of notice of motion to dismiss appeal).

This court, for the clearly obvious reasons above-mentioned in this opinion, is unable to consider further, as has been hereinabove indicated, the two bills of exceptions which required settlement, and as to which settlement failed, by virtue of the action taken by the Honorable Harry M. Watson, district judge, in the court below, and affirmed by this court in Shipman v. Watson, supra.

In relation to the first, or bill 1, of the three bills of exceptions to which reference has repeatedly been made, such bill of exceptions was, as aforesaid, served and filed July 22, 1947, and no allowance or settlement was required.

Apparently by inadvertence, in another connection such first bill, which consisted entirely of the reporter's transcript of the proceedings, was incorporated in the above-mentioned stipulation filed July 25, 1947, and by which the time for allowance and settlement was, in effect, extended, as to all of the said three bills of exceptions, to August 28, 1947. No further extension, as hereinbefore stated, occurred.

From Exhibit "C," designated "Certificate of F. D. Oldfield," attached or appended to respondent's "Notice of Motion to Dismiss Appeal," we quote, verbatim, the body of such certificate, which is in words and figures as follows:

"State of Nevada,
"County of White Pine. ss.

"This is to certify that the undersigned, F. D. Oldfield, is now and for many years last past has been the duly elected, qualified and acting County Clerk of White Pine County, State of Nevada, and ex-officio Clerk of the Seventh Judicial District Court of the State of Nevada in and for the County of White Pine; That he, as aforesaid, was said County Clerk and ex-officio Clerk during the period January 26, 1946, being the date upon which action was instituted by Arnold Graff as Plaintiff against

Shipman Bros. Transfer Co., a Partnership, and C. R. Shipman and W. G. Shipman, Partners, associated in business under the common name and style of Shipman Bros. Transfer Co. as Defendants, being Case No. 5079, to the date hereof;

"That Robert R. Gill, Esq., is now and has at all times during the prosecution of said Case 5079 been the attorney of record for said Defendants;

"That at no time between the said date of January 26, 1946, to the date hereof have said Defendants or either of them or the said Robert R. Gill, Esq., attorney for said Defendants, requested the undersigned, F. D. Oldfield, Clerk as aforesaid, to prepare the transcript of the record on appeal in said case No. 5079.

"Dated this 4th day of April, 1950.

"F. D. Oldfield

"Clerk of the Seventh Judicial District Court State

"of Nevada, County of White Pine

"Subscribed and sworn to before me this 4th day of April, 1950.

"Barbara Brandis

"Notary Public

"My Commission Expires: 11–3–53"

In the case of Roberts v. Roberts, 63 Nev., pages 459 to and including 463, 174 P.2d 611, the opinion was written by Mr. Justice EATHER. It appears advisable, in order to show the close similarity between that case and the instant case, to copy Mr. Justice EATHER'S opinion in full, same being as follows:

"This matter is before the court on the motion of respondent to dismiss the appeal in the above-entitled matter. The principal ground of the motion is that no transcript of the record on appeal has ever been filed with the Clerk of this Court as prescribed by Rule II of the rules of the supreme court.

"Briefly stated the facts are as follows:

" 'On the 30th day of September, 1943, the Eighth Judicial District Court of the State of Nevada, in and

for the County of Clark, Case No. 17847, made and entered a final judgment of divorce in favor of Respondent herein and against Appellant, on the ground of extreme cruelty. Written notice of decision of said case was duly served upon the attorney for the Appellant on October 1st, 1943.

" 'A motion for a new trial was subsequently made by the Defendant, Appellant herein, and on October 22nd, 1943, the lower court denied said motion for a new trial.

" 'On December 15th, 1943, the defendant, Appellant herein, filed with the Clerk of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, a Notice of Appeal to the above-entitled court from the final judgment and the whole thereof and each and every part thereof made and entered on the 30th day of September, 1943, and also from the order of the lower court denying the defendant's, Appellant herein, motion for a new trial made and entered by the lower court on October 22nd. 1943.

" 'The Notice of Appeal was signed by the defendant, Appellant herein, in Propria Persona.

" 'An undertaking on Appeal was duly served and filed with the Clerk of the Lower Court.

" 'No further proceedings were taken by the defendant, Appellant herein, in connection with the perfection of said appeal.

" 'Under the law, where Notice of Appeal is given and the proper undertaking on appeal is filed with the Clerk of the lower court to the Supreme Court, the lower court is divested of any further jurisdiction in the case and jurisdiction of said case is taken over by the Supreme Court.

" 'Therefore, for the purpose of making the motion to dismiss the appeal in the Supreme Court, the Respondent herein caused a certified copy of the Judgment Roll, the original Notice of Appeal and the Undertaking on Appeal to be filed in the above-entitled court, together with a

certificate by the Clerk of the lower court setting forth no request for transcript was ever made by the Appellant in the lower court and that the only papers in connection with the appeal were the Notice of Appeal and the Undertaking on Appeal.'

"Notice of motion to dismiss the above appeal, with affidavit in support thereof, was duly served upon the appellant.

"Rules II and III of the Supreme Court of the State of Nevada provide as follows:

" 'Rule II. The transcript of the record on appeal shall be filed within thirty days after the appeal has been perfected, and the bill of exceptions, if there be one, has been settled.

" 'Rule III. If the transcript of the record be not filed within the time prescribed by Rule II, the appeal, after five days' notice in writing to the appellant, specifically stating the grounds thereof, may be dismissed on motion of the respondent.

" 'Copies of all documentary evidence and affidavits to be relied upon on the hearing of said motion, other than the transcript of the record, shall be served with said notice. If witnesses are to be called upon said hearing, their names must be stated in said notice, as well as the substance of what they are expected to testify to.'

"No request to the Clerk of the lower Court to prepare a transcript was ever filed and no proceeding for a bill of exceptions or transcript was ever instituted by appellant herein, as set forth in the Clerk's Certificate on Motion to Dismiss Appeal on file herein.

"Counsel for respondent filed his Points and Authorities, and the motion was set for hearing. At said hearing counsel for respondent appeared. No appearance was made for appellant.

"Counsel for respondent urged that the case stand submitted on his motion and Memorandum of Points

and Authorities; and, no good cause appearing why such should not be the order, an order was entered accordingly.

"We are of the opinion that the motion is well taken. Neither of the requirements mentioned was complied with by appellant. To relax the rules would amount to their nullification.

"No excuse is presented for the failure to have the transcript presented in this court within the time required by Supreme Court Rules II and III. We do not deem it necessary to enter upon a discussion of the case. This court, in numerous cases, has had occasion to hold that a Mandatory Rule of Court not unreasonable nor in conflict with statute, has the same force and effect as a statute and is binding; that its observance is obligatory on the court and should be binding and obligatory upon litigants as any other rule of civil conduct. Lightle v. Ivancovich, 10 Nev. 41; Young v. Updike, 29 Nev. 303, 89 P. 457; Collins v. Nat C. Goodwin & Co., 32 Nev. 342, 108 P. 4; Beco v. Tonopah Ext. Min. Co., 37 Nev. 199, 141 P. 453; Ward v. Pittsburgh Silver Peak Gold Min. Co., 39 Nev. 80, 148 P. 345, 153 P. 434, 154 P. 74; State v. Second Judicial District Court, 48 Nev. 459, 233 P. 843; American Sodium Co. v. Shelley et al., 51 Nev. 26, 267 P. 497; Sullivan v. Nevada Industrial Comm., 54 Nev. 301, 14 P.2d 262; Baer v. Lilenfeld, 55 Nev. 194, 28 P.2d 1038. Therefore the motion to dismiss must prevail.

"Appeal dismissed."

We see no material differences, either in fact or law, in the Roberts case as compared to those in the instant proceeding. In the Roberts case, supra, on the motion to dismiss the appeal, respondent filed his points and authorities, and the motion was set for hearing, and at said hearing counsel for respondent appeared, and no appearance was made for appellant. On the other hand, in the instant case, upon the motion to dismiss the appeal, the appellant and the respondent, respectively,

filed their respective points and authorities. By stipulation, the respective parties have thereafter agreed that the motion to dismiss the appeal be submitted without a hearing of argument in this court. Such difference is not important and is entirely immaterial in relation to same having any material bearing or legal effect as to the essential factual and legal situation in the instant proceeding. This court does not perceive sufficient distinguishing features by which we should, in the instant proceeding, fail to adhere to and follow Roberts v. Roberts, supra.

In Dillon v. Dillon, supra, in paragraph 2 of the syllabus, "Appeal and Error," it is stated: "Transcript served and filed late would be stricken out on appeal." And in the text of the opinion proper (on p. 214 of 220 P.2d), Mr. Justice BADT has stated: "Under consistent rulings of this court the twenty-two listed documents, being neither incorporated in a bill of exceptions nor comprising a part of the judgment roll, must be stricken *and the transcript must likewise be stricken for late service and filing.* Craig v. Harrah, 65 Nev. 294, 195 P.2d 688; 66 Nev. 1, 201 P.2d 1081; McGill v. Lewis, 61 Nev. 28, 111 P.2d 537, 116 P.2d 581, 118 P.2d 702; Blouin v. Blouin, 66 Nev. 137, 206 P.2d 608; and the cases therein referred to." (Emphasis added.)

In the instant proceeding it is clear, from the above-mentioned certificate of F. D. Oldfield, clerk of the Seventh judicial district court, in and for the county of White Pine, and signed by him the 4th day of April, 1950, and in which he has stated, under oath, the following: "That at no time between the said date of January 26, 1946, to the date hereof have said Defendants or either of them or the said Robert R. Gill, Esq., attorney for said Defendants, requested the undersigned, F. D. Oldfield, Clerk as aforesaid, to prepare the transcript of the record on appeal in said case No. 5079," that no such request was made by or on behalf of the appellants.

As stated, in effect, in the above-mentioned affidavit of C. E. Horton, exhibit "B," on May 21, 1947, judgment on the verdict was entered by the clerk of the district court in and for White Pine County. On the 2d day of June, 1947, the court denied the motion for a new trial. The defendants-appellants, on the 16th day of July, 1947, filed with the said clerk their notice of appeal from the said judgment entered on the said 21st day of May, 1947, and from the order of the district court, entered June 2, 1947, denying their motion for a new trial, and, on the said 16th day of July, 1947, duly filed with the said clerk their undertaking on appeal.

While it would appear, as hereinbefore set forth, that inclusion of the matter in the stipulation extending the time, under date of July 25, 1947, to and including August 28, 1947, as to the bill of exceptions, consisting solely of the reporter's transcript certified July 22, 1947, may have been inadvertent, on the other hand respective counsel may have considered and understood that, at least to that extent, even though no allowance and settlement was required, the appellants need not proceed to perfect the appeal until the expiration of such stipulation, August 28, 1947, and we hereby determine the matter accordingly.

Applying rule II of the rules of the supreme court, the appellants had, in effect, thirty days from August 28, 1947, or until and including September 27, 1947, within which to cause to be filed the transcript of the record on appeal, after same had been perfected, and the bill of exceptions, if there be one, had been settled.

For the reasons above stated, the time as to the two bills of exceptions requiring settlement, and treated fully in Shipman v. Watson, supra, will be eliminated from our present consideration, the time for the settlement thereof, by virtue of the above-mentioned stipulation, having expired August 28, 1947.

There remains to be mentioned further the first bill of exceptions, namely, that in which the reporter's transcript of the testimony was served and filed July

22, 1947, and, also, brief mention as to the judgment roll. The appellants had, under the statute, six months from the time within which the judgment was entered, on the 21st day of May, 1947, within which to appeal *from the judgment.* On the 16th day of July, 1947, the appellants having filed, as aforesaid, their notice of appeal from the judgment, thus availing themselves of such alternative remedy, were in a position to proceed to perfect their record on appeal.

We should bear in mind that, as before stated, appellants had from July 16, 1947, the date of filing their appeal, until September 27, 1947 (the latter being the expiration of the thirty days in which to file their transcript on appeal pursuant to such rule II) within which to have, with due diligence, perfected their record on appeal and filed same. The Nevada statute, section 8829, N.C.L.1929, vol. 4, provides: "§ 331. Immediately after entering the judgment, the clerk must attach together and file the following papers, which constitute the judgment roll:" (designating and describing such papers).

Doubtless the clerk of the district court did so, as required. The appellants, therefore, were in a position, and had ample opportunity, to proceed to perfect their record on appeal as soon as the clerk had attached together and filed the papers constituting the judgment roll.

And in section 9385.88, N.C.L.1931–1941 Supplement, it is provided as follows:

"9385.88. Original Bill To Be Annexed To Judgment Roll.

"§ 38. The original bills of exceptions herein provided for, together with a notice of appeal and the undertaking on appeal, shall be annexed to a copy of the judgment roll, certified by the clerk or by the parties, if the appeal be from the judgment; if the appeal be from an order, such original bill shall be annexed to such order, certified by the clerk or by the parties, and the same shall be and become the record on appeal when filed in the supreme court."

And it appears reasonable and logical, from the provisions above-mentioned, to the effect that the original bills of exceptions, a notice of appeal and the undertaking on appeal shall be annexed to a copy of the judgment roll, if the appeal be from the judgment, that same, including the copy of the judgment roll, shall be annexed within the time provided by said rule II, in order that the transcript or record on appeal be filed within the thirty days thereby required.

As above indicated, the only original bill of exceptions filed and served in time was that constituting the "Reporter's Transcript of the Testimony," filed July 22, 1947, and which could be considered as constituting a part of the record on appeal, and which, together with the other matters therein, above-mentioned, was required to be filed and served within such thirty days.

If the appeal be from the judgment, the original bill of exceptions, together with the notice of appeal and the undertaking on appeal, shall (in the language of said sec. 38) be annexed to a copy of the judgment roll, and shall be and become the record on appeal, and in order to perfect such record on appeal, the first bill of exceptions, being the reporter's transcript, together with the notice of appeal, the undertaking on appeal and the copy of the judgment roll, shall be filed within the thirty days required by said rule II. Roberts v. Roberts, supra, and the cases cited in connection therewith.

■ Whether or not, under exceptional circumstances, further time may be granted within which to file such record on appeal, or, as same is called in rule II, "the transcript of the record on appeal," it is not necessary now to determine. There is, of course, a vast difference between a situation involving rule II, relating to perfecting the transcript of the record on appeal, and a situation involving the settlement, serving and filing of a bill of exceptions. In the former instance, the time within which action is required is mandatory, but not always jurisdictional. Thiess v. Rapaport, 57 Nev. 434,

66 P.2d 1000, 69 P.2d 96. In the latter instance, the time of filing a *bill of exceptions* is always jurisdictional, as we have frequently, in other cases, heretofore stated. In the situation in the instant case, however, more than two years and six months had elapsed since time to file the transcript of the record on appeal, September 27, 1947, had expired, and no further extension had been requested by respective counsel, or granted by the court, nor have sufficient reasons been shown for further delay. And, as said heretofore, no request was made by appellants for the filing of the transcript on appeal, either within the thirty days required by rule II, or at any other time, or at all.

The notice of motion to dismiss the appeal was served on the 4th day of April, 1950, and filed on the 7th day of April, 1950. Appellants' attorney has, in his points and authorities, argued in opposition to the dismissal, but the substance of such argument, although ably prepared, has been in the endeavor to hold in abeyance all pending proceedings in this court, in order that, after the time the notice to dismiss the appeal was served, and prior thereto, appellants' said attorney might pursue his proposed effort to prepare, file and serve a new (or amended) bill of exceptions. Such procedure we cannot sanction, the time to do so having expired August 28, 1947, and no further extension or extensions having been stipulated by respective counsel, or granted by either the lower court or this court.

Our discussion on the pages above has been treated entirely upon the assumption or on the assumed basis that, as insisted upon, in effect, by appellants' counsel, it is not true that no bill of exceptions has ever been served and filed as prescribed by section 9385.81, N.C.L. 1931–1941 Supplement, in that, as appears from the stipulation attached as exhibit "I" of said notice of motion, *the reporter's transcript of proceedings was so served and filed on July 22, 1947*. It is true that appellants, upon taking their appeal from the judgment, July

16, 1947, could have chosen to rely upon the judgment roll alone, and not upon same and their said bill of exceptions, and in that event the time of thirty days within which to serve and file the transcript on appeal, provided by rule II, would doubtless have been different, for the reason that the time of filing and serving the said bill of exceptions, and the stipulation extending same, would not have been applicable. In that event it would have been necessary to determine the time within which, reasonably, the transcript on appeal, consisting only of the notice of appeal, the undertaking on appeal and the judgment roll, could have been properly requested of the clerk of the district court, and transmitted to this court. It is reasonable to state that, bearing in mind section 8829, N.C.L., vol. 4, requiring that immediately after entering judgment the clerk must attach. and file the papers which constitute the judgment roll, and also that, in pursuance of rule II, the requirement to the effect that the perfected transcript on appeal be served and filed within the requisite thirty days, it would reasonably have required considerably less time after the appeal from the judgment, July 16, 1947, within which the clerk, presumably, upon being requested by appellants, would have immediately made up the judgment roll, than, by comparison, would have been reasonably necessary had the first bill of exceptions, together with the said extension to August 28, 1950, plus the requisite thirty days above-mentioned, been, by appellants, determined upon and made applicable.

Appellants' counsel, for reasons which he has deemed sufficient, but which we do not find to be so, has in the statements he has made on page 2, paragraph 2, lines 10 to 19, of "Appellants' Objections to Motion to Dismiss Appeal, and Notice of Intention to Apply for Writ of Mandate if said Motion be Denied," filed April 14, 1950, clearly indicated appellants' intention to rely upon the reporter's transcript on appeal, and not upon the judgment roll alone or separately. Counsel has, in that connection, stated the following: "* * * the Reporter's

Transcript of proceedings was so served and filed on July 22, 1947; that since the ruling of this Court in matter numbered 3580 therein, appellant has endeavored to procure an order from the said Seventh Judicial District Court for the withdrawal from the files of the Clerk thereof the said original Reporter's Transcript of Proceedings on the trial of the above entitled action in order that the same, *together with all other matters, exhibits, motions, papers or orders, to be incorporated therein,* may be filed, subject to settlement, as a bill of exceptions, * * *." (Emphasis supplied.)

In this opinion, we are justified in relying upon the pattern so clearly indicated by counsel for appellants, and, in determining the motion to dismiss the appeal, we should not rely upon the matter of the judgment roll alone, but, on the contrary, should treat the reporter's transcript and the judgment roll as being, manifestly, intended by appellants' counsel to be taken together. And the time within which to perfect the record on appeal had expired more than two years and six months prior to the notice of motion to dismiss the appeal, served April 4, 1950, and filed April 7, 1950.

It is true that we have before us a purported copy of the judgment roll, which was annexed as an exhibit in support of respondent's motion to dismiss. We have considered the possibility of taking cognizance of the appeal from the *judgment* in so far as reversible error might appear from an examination of the judgment roll itself. However, in addition to what we have said as to lapse of time, it definitely appears that appellants do not rely upon such judgment roll but insist that the same is incorrect, both as to papers and pleadings included therein and as to papers and pleadings omitted therefrom.

■ The showing of counsel for appellants, in relation to appellants' opposition to such dismissal, being entirely insufficient to justify denial of such motion, and in view of all the facts and circumstances involved in the instant case, it is the determination and conclusion of this court,

in the exercise of its discretion, that the motion to dismiss the appeal must be, and same hereby is, granted. Appeal dismissed.

BADT and EATHER, JJ., concur.