K. C. BARLOW AND FRANK TRUETT, APPELLANTS, *v.* WESTERN PACIFIC RAILROAD CO., RESPONDENT.

No. 3675

December 17, 1951.                    238 P.2d 901.

*George F. Wright,* of Elko, for Appellants.

*Milton J. Reinhart,* and *Orville R. Wilson,* both of Elko, for Respondent.

## OPINION

By the Court, EATHER, J.:

Several motions were duly noticed, argued and submitted to the court. They include (1) respondent's motion to dismiss the appeal from the judgment, (2) respondent's motion to dismiss the appeal from the order denying motion for a new trial, (3) respondent's motion to strike the record.

The appeals are: (1) from a judgment made and entered on the 17th day of October, 1950, in favor of the respondent and against appellants; (2) from order denying a new trial, made on February 23, 1951.

The action was commenced in the Fourth judicial district court by the plaintiffs, appellants herein, for damages sustained for loss of hay, pasturage and damage to land as the result of a fire. The plaintiffs, appellants herein, claimed that the fire was started by the defendant, respondent herein. A trial was had before the court without a jury, and the decision was rendered for the defendant.

The plaintiffs moved for a new trial. The motion was denied.

Findings of fact and conclusions of law and judgment were made and entered. The judgment was against the plaintiff, K. C. Barlow, and in favor of the defendant. Judgment has not been rendered against the plaintiff, Frank Truett.

1. *The motion to dismiss the appeal from the judgment.*

It appears that judgment in favor of respondent, defendant below, was rendered August 31, 1950 by oral pronouncement from the bench. On October 17, 1950 formal written judgment was filed. On February 23, 1951 the court entered its order denying appellants' motion for a new trial. On April 26, 1951, this appeal was taken.

It is thus clear that by the time the appeal was taken,

more than six months had elapsed, not only from rendition of the judgment, but from its formal entry. The appeal consequently was taken too late. (Section 9385.60, N.C.L.1929, Supp. 1931–1941.)

The appeal from judgment and from order denying new trial was taken by the filing of a joint notice of appeal pursuant to the provisions of sec. 9385.61, N.C.L. 1929, Supp. 1931–1941. Appellants argue that this section permits the taking of a joint appeal and that since the appeal was taken within the time provided for appealing from the order, the "joint appeal" in its entirety must be regarded as timely taken. This, however, is not the effect of the statute. It simply permits the filing of a joint notice should appellants so desire and the circumstances permit. The appeals must be regarded as separate appeals. The jurisdictional requirements must be satisfied as to each. Kondas v. Washoe County Bank, 50 Nev. 181, 190, 254 P. 1080.

As stated by this court in Mellan v. Messenger, 48 Nev. 235, 239, 228 P. 1095, 1096:

"To give our statute the interpretation contended for would result in giving a party two opportunities to appeal from the judgment, and greatly delay the perfecting of the appeal."

The motion to dismiss must be granted.

(2) *The motion to dismiss the appeal from the order denying motion for a new trial.*

Respondent contends that neither appeal is supported by a sufficient bond in that at the time of noticing its motion herein the clerk of this court had in his possession no bond and no cash in lieu thereof but only a certified check in the sum of $600. It appears, however, that appellants had deposited cash in this amount with the clerk of the district court. The certified check was secured by that officer as a convenient means of transmitting the cash to the clerk of this court. We need

not decide whether a certified check under our statutes relating to appeal bonds would be the equivalent of cash. It is clear that appellants fulfilled all requirements of the statute applicable to them. Loss of the cash on or after its conversion could not be attributed to them.

This 'motion must be denied.

(3) *The motion to strike the record.*

This motion is based upon the ground that the record was not served upon the respondent within the time required by law. Appellants contend, first, that such requirement is not jurisdictional; and second, that service was in fact made.

Section 9385.81, N.C.L.1929, Supp. 1931–1941, subdivision (1) provides:

"A transcript of the proceedings, certified by the court reporter, appointed by the court, under authority of law, or by agreement of the parties to be a full, true and correct transcript thereof, may be *served and filed,* and when so filed shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, without further stipulation or settlement by the court. * * *"

Subdivision (2) provides:

"When the transcript of the proceedings, as provided in subdivision (1) of this section, is not *served and filed* as the bill of exceptions of the proceedings relating to the point or points involved upon such proceedings, then the bill of exceptions shall be based and be prepared upon a record of the proceedings made up as follows: * * *" (Emphasis supplied.)

Appellants argue that while this court has held timely filing to be jurisdictional, there is no holding that timely service is jurisdictional as well. Under the language of the statute, however, the two are stated in the conjunctive and this court has frequently and clearly indicated that both, in the conjunctive, are jurisdictional. McGill v. Lewis, 61 Nev. 28, 32, 111 P.2d 537, 539, 116

P.2d 581, 118 P.2d 702; Craig v. Harrah, 65 Nev. 294, 195 P.2d 688; Dillon v. Dillon, 67 Nev. 428, 220 P.2d 213; Graff v. Shipman Bros. Transfer Co., 67 Nev. 610, 222 P.2d 497. Such is our holding.

As to the facts of service, the record on this motion discloses that by order of the trial court the time within which the bill of exceptions might be served and filed was extended to April 6, 1951; that on or about March 31, 1951, the trial court reporter called at the office of counsel for respondent with a copy of the transcript to ascertain whether counsel wished to purchase it; that counsel was undecided and the reporter left the copy in counsel's office reception room on top of a file cabinet; that in so leaving it, he acted without authority or instructions from appellants' counsel and with no intention of effecting service; that his intention was solely to sell it; that later he returned to the office of respondent's counsel with copies of certain documents supplied him by appellants' counsel, which he inserted into the transcript in order to render it a complete copy of appellants' record; that on April 7, 1951 respondent was served with a notice that the bill of exceptions had been filed; that on April 13, 1951, the reporter took the copy of the record away upon being advised by respondent's counsel that he did not desire to purchase it.

Thus a copy of the transcript had been left at the office of respondent's counsel within the time provided for service. The attention of counsel was drawn to it. It was there available for examination by counsel. Appellants contend that this is sufficient to constitute service. With this view we are unable to concur.

Service must have some legal significance. It is, in effect, a form of notice to the person served that the document served is the precise one upon which the other party intends to rely for his particular purposes. Certainly no such notice can here be construed from the fact that the court reporter had left the transcript in

counsel's office. The purpose for which it was left was clearly not that of service and counsel would have no way of knowing that appellants intended to rely upon it in taking their appeal. Moreover, the person making service should do so under authority of the other party in order that that party might be charged with responsibility for the document served. In this case the reporter had no authority whatsoever to represent appellants in making service or to bind appellants in any respect by the leaving of the copy of the transcript.

In our view there was no proper service of the transcript within the time provided by law. The motion to strike must be granted, as to all of the record save the documents constituting the judgment roll. It is accordingly ordered as follows:

The motion to dismiss the appeal from the judgment is granted.

The motion to dismiss the appeal from the order denying new trial is denied.

The motion to strike the record is granted, save as to the documents constituting the judgment roll.

No costs are awarded.

BADT, C. J., and MERRILL, J., concur.

### ORDER DENYING PETITION FOR REHEARING

January 31, 1952.

*Per Curiam:*

**Rehearing denied.**