K. C. BARLOW AND FRANK TRUETT, APPELLANTS, *v.* WESTERN PACIFIC RAILROAD CO., RESPONDENT.

No. 3675

May 23, 1952.                                    244 P.2d 695.

See also, 68 Nev. 511, 238 P.2d 901.

*Geo. F. Wright,* of Elko, for Appellants.

*Milton J. Reinhart* and *Orville R. Wilson,* of Elko, for Respondent.

## OPINION

*Per Curiam:*

This appeal originally was taken from judgment of the trial court and from its order denying new trial and was supported by a bill of exceptions. On December 17, 1951, we ordered the appeal from the judgment dismissed as not timely taken and the bill of exceptions (save for the documents making up the judgment roll) stricken for want of service. (Barlow and Truett v. Western Pacific Railroad Co., 68 Nev. 511, 238 P.2d 901.) We were therefore left with the appeal from the order denying new trial supported by a record consisting of the documents making up the judgment roll. We did not there pass upon the question whether such an appeal supported in such a manner is permitted under our statutes, that question not having been raised. That is the question now before us upon consideration of this appeal upon the merits.

Sec. 9385.88, N.C.L. 1929, Supp. 1931–1941, dealing with bills of exceptions, provides in part: "A party may appeal upon the judgment roll alone, in which case only such errors can be considered as appear upon the face of the judgment roll." Respondent contends that this provision is limited to appeals from the judgment and is not available upon appeals from an order denying new trial. We are in agreement with this contention. (Accord: Mexican Dam & Ditch Co. v. Schultz, 45 Nev. 260, 265, 201 P. 548, 549, "As the appeal in this case is taken from the order, there is no judgment roll to be considered.")

Upon this appeal our limited consideration is whether error was committed by the trial court in denying motion for new trial. The judgment roll is silent upon this subject. It does not disclose the grounds upon which that motion was based, nor, indeed, that such a motion or order thereupon ever was made. Appellant has suggested diminution of the record in this respect and that it should be amplified by including the order of the trial court denying motion for new trial under that portion of sec. 9385.88 which provides: "If the appeal be from an order [the original bill of exceptions herein provided for] shall be annexed to such order * * * and the same shall be and become the record on appeal * * *." This, however, would transform the judgment roll into a bill of exceptions in the absence of any service thereof or establishment that it contains the substance of the proceedings relating to the points involved in the appeal and in the face of our earlier action striking the original bill. Clearly this would not be proper.

Accordingly there is nothing before us upon the basis of which we may consider the appeal herein and the trial court must be affirmed, with costs. So ordered.